**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:18-cv-62058-BLOOM/VALLE**

LAWANDA JOHNSON,

                Plaintiff,

    v.

CAPITAL ONE SERVICES, LLC,

                Defendant.

**DEFENDANT CAPITAL ONE BANK (USA) N.A.'S**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION. ................................................................................................. 1

II. STATEMENT OF UNDISPUTED FACTS. ...................................................... 4

III. SUMMARY JUDGMENT STANDARD............................................................ 7

IV. ARGUMENT AND CITATION OF AUTHORITY........................................... 8

    A.  Capital One is Entitled to Summary Judgment on Plaintiff's TCPA Claim................ 8

        1.  Plaintiff Cannot Meet Her Burden of Proving an ATDS was Used. ..................... 9

        2.  Plaintiff Expressly Consented to Receive Calls on Her Cell Phone................... 11

    B.  Capital One is Entitled to Summary Judgment on Plaintiff's FCCPA Claim. .......... 16

        1.  Capital One's Calls Did Not Violate Fla. Stat. § 559.72(7). .............................. 16

        2.  Capital One's Calls Did Not Violate Fla. Stat. § 559.72(9). .............................. 18

        3.  Any Violation was the Result of Bona Fide Error. .............................................. 18

        4.  Plaintiff has Failed to Present Evidence of Actual Damages Caused by any Alleged FCCPA Violation. ................................................................................. 19

V. CONCLUSION ................................................................................................. 21

VI. REQUEST FOR HEARING............................................................................. 21

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abramson v. 1 Global Capital LLC*,
   No. 15-cv-61373, 2015 U.S. Dist. LEXIS 181721 (S.D. Fla. Sept. 21,
   2015) (Bloom, J.) ............................................................................................................14

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986).........................................................................................................8

*Augustin v. Santander Consumer USA, Inc.*,
   43 F. Supp. 3d 1251 (M.D. Fla. 2012).........................................................................8, 11

*Bacelli v. MFP, Inc.*,
   729 F. Supp. 2d 1328 (M.D. Fla. 2010)......................................................................17, 18

*Buslepp v. Improv Miami, Inc.*,
   No. 12-60171, 2012 WL 4932692 (S.D. Fla. Oct. 16, 2012) ...........................................9

*Calloway v. Partners Nat'l Health Plans*,
   986 F.2d 446 (11th Cir. 1993) ........................................................................................15

*Castro v. Capital One Servs. Ltd.*,
   27 Fla. L. Weekly Fed. D 21 (U.S. M.D. Fla. 2017) .......................................................20

*Chyba v. First Fin. Asset Mgmt.*,
   2013 WL 6880237 (S.D. Cal. Nov. 20, 2013) .................................................................14

*City Select Auto Sales, Inc. v. David Randall Associates, Inc.*,
   2014 WL 4755487 (D.N.J. Sept. 24, 2014) ....................................................................13

*Cordoba v. Dillard's, Inc.*,
   419 F.3d 1169 (11th Cir. 2005) ........................................................................................8

*D'Ottavio v. Slack Technologies*,
   No. 18-09082, 2019 WL 1594270 (D.N.J. Apr. 15, 2019)...............................................15

*Danehy v. Time Warner Cable*,
   2015 WL 5534285 (E.D.N.C. Sept. 18, 2015).................................................................14

*Dennis v. Reg. Adjustment Bureau, Inc.*,
   No. 09-61494, 2010 U.S. Dist. LEXIS 144776 (S.D. Fla. July 7, 2010)..........................10

*Eubanks v. Henry Cty.*,
   626 F. App'x 250 (11th Cir. 2015) ...................................................................13

*Exclusively Cats Veterinary Hosp., P.C. v. Pharm. Credit Corp.*,
   2014 WL 4715532 (E.D. Mich. 2014) ...........................................................14

*Faber v. Landman*,
   123 So. 2d 405 (Fla. Dist. Ct. App. 1960) ......................................................15

*Finster v. U.S. Bank Nat'l Ass'n*,
   723 F. App'x 877 (11th Cir. 2018) ................................................................18

*Galle v. Nationstar Mortg., LLC*,
   No. 16-407, 2018 WL 3390235 (M.D. Fla. Jan. 5, 2018)..............................21

*Gaza v. LTD Fin. Servs., L.P.*,
   No. 14-1012, 2015 WL 5009741 (M.D. Fla. Aug. 24, 2015)..........................10

*Harrington v. RoundPoint Mortg. Serv. Corp.*,
   290 F. Supp. 3d 1306 (M.D. Fla. 2017)..........................................................11

*Harrington v. RoundPoint Mortg. Servicing Corp.*,
   163 F. Supp. 3d. 1240 (M.D. Fla. 2016)..........................................................20

*Harris v. Nationstar Mortgage, LLC*,
   2014 U.S. Dist. LEXIS 66346 (M.D. Fla. Apr. 23, 2014) ...............................14

*Hitchman v. Nat'l Enter. Sys.*,
   No. 12-61043, 2014 U.S. Dist. LEXIS 30623 (S.D. Fla. Mar. 10, 2014)........12

*Hixson v. French*,
   517 F. App'x 767 (11th Cir. 2013) ................................................................18

*Isaac v. RMB Inc.*,
   604 F. App'x 818 (11th Cir. 2015) ................................................................19

*In re Joint Petition, filed by DISH Network LLC*,
   28 FCC Rcd6574 (2013) ................................................................................14

*Lamonica v. Safe Hurricane Shutters, Inc.*,
   711 F.3d 1299 (11th Cir. 2013) ....................................................................16

*Latimer v. Roaring Toyz, Inc.*,
   601 F.3d 1224 (11th Cir. 2010) ....................................................................12

*Lawrence v. Bayview Loan Servicing, LLC,*
    666 F. App'x. 875 (11th Cir. 2016) ...................................................................13

*Light v. Seterus, Inc.,*
    337 F. Supp. 3d 1210 (S.D. Fla. 2018) .............................................................7

*Maddox-Jones v. Bd. of Regents of Univ. of Ga.,*
    448 Fed. Appx. 17 (11th Cir. 2011).............................................................8, 12

*Martin v. Allied Interstate, LLC,*
    192 F. Supp. 3d 1296 (S.D. Fla. 2016) ........................................................9, 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
    475 U.S. 574 (1986)........................................................................................8

*McLean v. GMAC Mortg. Corp,*
    398 F. App'x 467 (11th Cir. 2010) ..................................................................20

*Murphy v. DCI Biologicals Orlando, LLC,*
    797 F.3d 1302 (11th Cir. 2015) .................................................................11, 12

*N. Star Capital Acquisitions, LLC v. Krig,*
    611 F. Supp. 2d 1324 (M.D. Fla. 2009).........................................................18

*Newton v. Palm Coast Recovery Corp.,*
    No. 13-62051-CIV, 2014 WL 293484 (S.D. Fla. Jan. 27, 2014).......................20

*Ortega v. Collectors Training Inst. of Ill., Inc.,*
    No. 09-21744, 2010 WL 11505559 (S.D. Fla. Mar. 31, 2010).........................17

*Osorio v. State Farm Bank, F.S.B.,*
    746 F.3d 1242 (11th Cir. 2014) .....................................................................12

*Phan v. Convergent Outsourcing, Inc.,*
    No 14-84, 2015 U.S. Dist. LEXIS 183620 (M.D. Fla. Mar. 27, 2015) .............15

*Pollock v. Bay Area Credit Serv., LLC,*
    No. 08-61101, 2009 U.S. Dist. LEXIS 71169 (S.D. Fla. Aug. 13, 2009) .........18

*Rambarran v. Bank of Am., N.A.,*
    609 F. Supp. 2d 1253 (S.D. Fla. 2009) ..........................................................20

*Rollins v. TechSouth, Inc.,*
    833 F.2d 1525 (11th Cir. 1987) .......................................................................8

*Schauer v. Morse Operations, Inc.*,
    5 So. 3d 2 (Fla. 4th DCA 2009) ............................................................................17

*Snow v. Global Credit & Collection Corp.*,
    2014 WL 5781439 (E.D.N.C. Nov. 6, 2014) ..........................................................14

*Story v. J.M. Fields, Inc.*,
    343 So. 2d 675 (Fla. 1st DCA 1977) .....................................................................17

*United States v. $183,791.00*,
    391 F. App'x 791 (11th Cir. 2010) ...........................................................................7

*Vanover v. NCO Fin. Sys.*,
    No. 14-964, 2015 U.S. Dist. LEXIS 186230 (M.D. Fla. Nov. 17, 2015) ..............10

*In re Whitaker*,
    No. 09-01619, 2013 WL 1968498 (Bankr. M.D. Fla. May 10, 2013)......................16

*Williams v. Bluestem Brands, Inc.*,
    No. 17-1971, 2019 WL 1450090 (M.D. Fla. Apr. 2, 2019)......................................9

*Wood v. GC Servs., LP*,
    No. 10- 1979, 2012 U.S. Dist. LEXIS 39719 (M.D. Fla. Jan. 26, 2012).................10

*Young v. City of Palm Bay*,
    358 F.3d 859 (11th Cir. 2004) .................................................................................8

**Statutes**

47 U.S.C. § 227........................................................................................ passim

Fla. Stat. § 559.72(7)...............................................................................16, 18

Fla. Stat. § 559.72(7) and (9) ........................................................................16

Fla. Stat. § 559.72(9)......................................................................................18

Fla. Stat. § 559.77(2)......................................................................................19

Fla. Stat. § 559.77(3)......................................................................................19

Pursuant to Rules 56 of the Federal Rules of Civil Procedure, Local Rule 56.1, and the Court's December 11, 2018 Scheduling Order, Defendant Capital One Bank (USA), N.A., improperly pled as Capital One Services, LLC ("Capital One"), respectfully submits its Motion for Summary Judgment and memorandum of law in support of same.

## I. <u>INTRODUCTION.</u>

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, claims are now the second most filed lawsuit in the country.   *See* WebRecon LLC, Home Page, www.webrecon.com (last visited July 23, 2019).  The statute, designed to minimize unsolicited telemarketing calls, has been weaponized by certain counsel who obscure controlling guidance to leverage their client's dire financial situations to fabricate claims.  A core, but relatively small, group of attorneys are coaching consumers to make minimalistic and confusing statements to creditors about collection calls in the hope that calls will continue so they can claim each subsequent call violated the TCPA.

As Congressman Goodlatte, Chairman for the Committee on the Judiciary, stated in the June 13, 2017 hearing entitled "Lawsuit Abuse and the Telephone Consumer Protection Act:"

> TCPA litigation is arising from a lack of clarity in the law's application, which is being exploited by attorney's seeking big payouts [against] U.S. businesses that are not actually violating the law.

Lawsuit Abuse and the Telephone Consumer Protection Act; Hearing Before the Subcomm. On the Constitution and Civil Justice of the Committee on the Judiciary House of Representatives, 115 Cong. 5 (2017) (Statement of Robert W. Goodlatte).  Even Commissioner Pai of the FCC, which is empowered to regulate the TCPA, acknowledged that "[t]he TCPA has become the poster child for lawsuit abuse."  2015 FCC Order, 30 FCC Rcd 7961, 7973 and 8073, 2015 FCC

LEXIS 1586 at *298-99.[1]

This is one such case.

On October 19, 2015, Lawanda Johnson ("Plaintiff") opened a Capital One serviced Dress Barn credit card account ending in 6593 (the "Dress Barn Account").  On January 5, 2017, Plaintiff updated her Dress Barn Account online to change her mobile phone number to (XXX) XXX-2114 (the "2114 Number"), which indisputably constituted consent to call the 2114 Number.

Plaintiff alleges she revoked that consent "in September 2017" by answering a call and asking for calls to stop and on May 9, 2018 by telling Capital One to not call her "using an autodialer or a pre-recorded message anymore" and claims that each call thereafter violated the TCPA and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.72.[2]

The rather unique statement about "using an autodialer or a pre-recorded message" Plaintiff claims she made was provided to Plaintiff by her counsel before she purportedly uttered it to Capital One.  It came with strict instructions to only say it once and included a form on which to document every call that occurred thereafter to be used in subsequent TCPA litigation.

Plaintiff unabashedly provided that form and instructions in discovery, the caption of which provides:

---

[1] Commissioner Pai further explained that "[s]ome lawyers go to ridiculous lengths to generate new TCPA business.  They have asked family members, friends, and significant others to engage in conduct to manufacture TCPA claims."  *Id.* at *300.

[2] The TCPA does not provide for attorney's fees, so counsel commonly add ancillary state court claims so they can try to pursue fees.



Plaintiff's allegations and this form are her <u>only</u> evidence.  Perhaps believing that this alone entitles her to relief (or more likely hoping the threat of TCPA litigation would lead to a large settlement), Plaintiff has done virtually nothing to prosecute her claim.  For example, Plaintiff has not taken a single deposition, pursued discovery into what if any technology was used to place the calls, or identified an expert on the technical issue of whether an automatic telephone dialing system ("ATDS") was used.

Plaintiff, however, has the burden of proof.  To avoid summary judgment on her TCPA claim, she must present evidence sufficient to prove, *inter alia*, that she revoked her consent and Capital One used an ATDS to call the 2114 Number thereafter.  To avoid summary judgment on her FCCPA claim she must prove that Capital One knew it could not call her or that the calls were intended to harass her.

Plaintiff cannot meet her burden of proof.  Rather, the record evidence firmly establishes that Capital One is entitled to summary judgment, and Plaintiff's conduct in manufacturing her claim certainly supports that result.

For all of these reasons, summary judgment should be entered in favor of Capital One.

## II. <u>STATEMENT OF UNDISPUTED FACTS.</u>[3]

Plaintiff opened her Dress Barn Account, which has an account number ending in 6593, on October 19, 2015.  Declaration of Alan Reedy ("Reedy Decl.") ¶ 8.  Plaintiff regularly used her Dress Barn Account; her last purchase was on June 6, 2016.  Reedy Decl. ¶ 10.  Plaintiff defaulted on her Dress Barn Account by failing to make payments.  Reedy Decl. ¶ 11.

The Dress Barn Account is governed by a card member agreement that provides that Capital One can contact Plaintiff at any telephone number she provides Capital One.  Reedy Decl. Ex. A at 3.

On January 5, 2017, Plaintiff updated her Dress Barn Account online to change her phone number to (XXX) XXX-2114 (the "2114 Number").  Reedy Decl. ¶ 9; Def.'s Ver. Rog. Resp. (Attached Hereto as Exhibit 1) at No. 1.  To make that change, Plaintiff was required to log into the Dress Barn Account online using her username and password.  Reedy Decl. ¶ 9.  Relying on her consent, Capital One first called the 2114 Number on October 10, 2017.  Declaration of Perry Pink ("Pink Decl.") ¶ 9; Pink Decl. Ex. A at 1;[4] Ex. 1 Nos. 8-9.  Capital One did not call the 2114 Number in September 2017.  Pink Decl. ¶ 10, Pink Decl. Ex. A at 1.

Nearly all of the calls went unanswered.  Pink Decl. ¶ 11; Pink Decl. Ex. A at 1-5.  On rare occasion, a message was left.  Pink Decl. ¶ 12; Pink Decl. Ex. A at 1-5.  Messages were not left on each call.  *Id.*

---

[3] Capital One incorporates by reference the entirety of its separately filed statement of undisputed facts, but includes these facts here for the convenience of the Court.

[4] "Type_of_Dialer" at the top of the Capital One call log refers to the type of account being called. Pink Decl. ¶ 8.  Because the calls to the 2114 Number were on the Dress Barn Account, the column states "Pship" which is short for partnership account.  Pink Decl. ¶ 8.

Capital One's call log does do not indicate any request for calls to stop.  Pink Decl. Ex. A at 1-5.  If such a request was made, Capital One's policy is to immediately cease all calls. Pink Decl. ¶ 18.  In that circumstance, the agent removes the number and codes the account to not receive future calls.  *Id.* ¶ 19.  Once an account is so coded, the calls immediately stop.  *Id.*

Capital One's call log does reflect a conversation on November 5, 2017 with an entry of "do not call again."  Pink Decl. ¶ 16; Pink Decl. Ex. A at 1.  Capital One keeps recordings of some, but not all, of its calls.  *Id.* ¶ 14.  Capital One has a recording of the November 5, 2017 call.  *Id.*¶ 16, Pink Decl. Ex. B.  On it, someone (presumably Plaintiff) states in a fake British accent that the number no longer belongs to Plaintiff, which prompted the agent to make the "do not call again" entry.  Pink Decl. Ex. B.  Because the 2114 Number was provided by Plaintiff, calls continued.  Pink Decl. ¶ 17.

Plaintiff claims she revoked her consent to receive calls at the 2114 Number "in September 2017" and "again on May 9, 2018."  Pl.'s Ver. Rog. Resp. (Attached hereto as Exhibit 2) Nos. 7-8.  Plaintiff claims she orally revoked consent on September 2017 by asking Capital One to stop calling because she could not make payments in the aftermath of Hurricane Irma.  Ex. 2 at No. 8.  As set forth above, no calls were made to the 2114 Number in September 2017 on which Plaintiff could have made that request.  Pink Decl. ¶ 10; Pink Decl. Ex. A at 1.

Plaintiff claims she orally revoked consent on May 9, 2018 by stating "[d]o not call me using an auto dialer or a pre-recorded message anymore."  Ex. 2 at No. 8.  Capital One's call log does not reflect that request.  Pink Decl. Ex. A at 1-5.  More critically, Plaintiff's rather uncommon alleged May 9, 2018 statement and Plaintiff's purported call log, firmly prove that, if made, the statement was made for purposes of manufacturing this lawsuit.

Plaintiff's purported call log has the following caption:



Plf's Call Log (Attached hereto as Exhibit 3) at 1.  The highlighted and starred section (in original) provides written guidance from Plaintiff's counsel on how to set up a potential TCPA claim.  It instructs Plaintiff to:

> **ONLY REVOKE 1 TIME PER DEBT COLLECTOR**: Tell them: '**DO NOT CALL ME USING AN AUTODIALER OR A PRE-RECORDED MESSAGE ANYMORE.**'"

*Id.* at 1.  It then instructs Plaintiff to immediately document all subsequent calls.  *Id.*[5]

The first entry on Plaintiff's purported call log claims to show Plaintiff's compliance with these instructions:

| Date of Call? (MM/DD/YY) | Time of Call? (00:00 AM) | Minutes Call Lasted? (Approx.) | Phone Call, Voicemail, Letter, Paper Message? | Collector Name? | Collector Company & Phone Number? | Was there a robot or a pre-recorded message before you spoke to a person? What did the collector say? Threats? Amount Demanded? Profanity? (Use as much room as you need) |
|---|---|---|---|---|---|---|
| 5/9/18 | 4:28 | 53 sec | Phone Call | | Dress Barn 4Capital | Dialer — Pause |

*Id.*

This document firmly establishes that Plaintiff: (1) engaged her counsel prior to her alleged May revocation; (2) was instructed by her counsel to make a specific, technical and non-colloquial statement about the method of calling instead of simply asking for calls to stop;

---

[5] Capital One has filed a motion *in limine* to preclude Plaintiff's purported call log as hearsay, but addresses the log here regardless and without waiver of that motion.

(3) was instructed by her counsel to only make that statement once; (4) was instructed by her counsel to document each call that occurred thereafter; and (5) received from her counsel a form to document those calls. *Id.*[6]  The fact that the form's purpose is to document calls proves that the intent of the instruction is not to stop calls, but to fabricate a basis to claim revocation and to create evidence for litigation. *Id.*

Perhaps recognizing the issues this creates for her claim (or perhaps so brazen that she believes she can advance her claim with no proof), Plaintiff has done nothing to prosecute her claims beyond serving written discovery.  Plaintiff has not attempted to take a deposition, engaged in any discovery on how calls were made to the 2114 Number, engaged in any discovery into what if any technology was used, or engaged or presented an expert witness on the ATDS issue.

### III. <u>SUMMARY JUDGMENT STANDARD.</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.' " *United States v. $183,791.00*, 391 F. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

The nonmoving party "may not rest upon the mere allegations or denials of his

---

[6] Plaintiff's counsel is no stranger to TCPA litigation and has himself brought claims under the TCPA. *See Light v. Seterus, Inc.*, 337 F. Supp. 3d 1210, 1212 (S.D. Fla. 2018).

pleadings, but [instead] must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Nor can the nonmoving party defeat summary judgment with conclusory assertions, speculation or unsubstantiated contentions.  *See Maddox-Jones v. Bd. of Regents of Univ. of Ga.*, 448 Fed. Appx. 17, 19 (11th Cir. 2011) ("a [nonmovant] cannot defeat summary judgment by relying upon conclusory assertions."); *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact."); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987) ("unsubstantiated assertions alone are not enough to withstand a motion for summary judgment."); *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004) ("A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment."); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("metaphysical doubt as to the material facts will not suffice to overcome summary judgment").

Plaintiff simply cannot meet her burden of proof and Capital One is therefore entitled to summary judgment.

## IV. <u>ARGUMENT AND CITATION OF AUTHORITY.</u>

### A. <u>Capital One is Entitled to Summary Judgment on Plaintiff's TCPA Claim.</u>

The TCPA prohibits making calls to a cell phone "using any automatic telephone dialing system or an artificial or prerecorded voice" without the called party's "prior express consent."  47 U.S.C. § 227(b)(1)(A)(iii).  To establish a violation, Plaintiff must show that "(1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party."

*Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012).

For purposes of this Motion only, Capital One does not dispute that the 2114 number was Plaintiff's cell phone or that it made calls to that number beginning in October 2017.

Those calls, however, did not violate the TCPA. Plaintiff cannot establish that any calls were made using an ATDS and, even if she could, it is indisputable that Capital One had prior express consent and Plaintiff cannot meet her burden of proving she revoked that consent.

### 1.   Plaintiff Cannot Meet Her Burden of Proving an ATDS was Used.

Plaintiff has the burden of proving that each call to the 2114 Number was made with an ATDS. *See Buslepp v. Improv Miami, Inc*., No. 12-60171, 2012 WL 4932692; 2012 U.S. Dist. LEXIS 148527, at *6-7 (S.D. Fla. Oct. 16, 2012) ("[i]t is Plaintiff who must show, as an element of his claim, that Defendant used an ATDS."). She cannot meet that burden.

The TCPA defines an ATDS as "equipment which has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). To avoid summary judgment, Plaintiff must at a minimum present direct evidence supporting her allegation that equipment meeting this definition was used to place each call to the 2114 Number.[7] *See Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1309 (S.D. Fla. 2016) (plaintiff cannot avoid summary judgment with only "a conclusory belief that [the defendant] used an ATDS device under the TCPA.").

Plaintiff has not presented, and cannot present, <u>any</u> evidence supporting that allegation.

---

[7] Typically courts turn to experts to help determine whether a device constitutes an ATDS. *See, e.g., Williams v. Bluestem Brands, Inc*., No. 17-1971, 2019 WL 1450090; 2019 U.S. Dist. LEXIS 56655, at *6 (M.D. Fla. Apr. 2, 2019) (noting that the record was "sufficiently developed" including as to whether the system at issue was an ATDS, because parties "engaged competing experts" on the subject). Plaintiff does not have any such expert.

To the contrary, the entirety of the evidence is that an ATDS was not used to call the 2114 Number. Capital One RFA Resp. (Attached hereto as Exhibit 4) at Nos. 9-23. Plaintiff has not engaged in any discovery to refute this and has no evidence to support her claim that an ATDS was used.

Plaintiff, therefore, cannot meet her burden of proof and Capital One is entitled to summary judgment. *See, e.g., Martin*, 192 F. Supp. 3d at 1309 (summary judgment for defendant because the plaintiff "only present[ed] a conclusory belief that [the defendant] used an ATDS device under the TCPA"); *Vanover v. NCO Fin. Sys.*, No. 14-964, 2015 U.S. Dist. LEXIS 186230, at *11-12 (M.D. Fla. Nov. 17, 2015) (summary judgment for defendant because plaintiff introduced no "direct evidence that [the defendant] used one or more of its ATDS systems to call her," and thus failed to "set forth specific facts supported by evidence sufficient to establish the existence of an element essential to her case and on which she will bear the burden of proof at trial"); *Wood v. GC Servs., LP*, No. 10- 1979, 2012 U.S. Dist. LEXIS 39719, at *34 (M.D. Fla. Jan. 26, 2012) (summary judgment for defendants because plaintiff "failed to support an essential element of his TCPA claim—that Defendant used an automatic telephone dialing system or an artificial prerecorded voice in delivering [the message at issue]"); *Gaza v. LTD Fin. Servs., L.P.*, No. 14-1012, 2015 WL 5009741; 2015 U.S. Dist. LEXIS 111751, at *1-3 (M.D. Fla. Aug. 24, 2015) (summary judgment for defendant because plaintiff could not point to evidence establishing the calls were made using an ATDS).[8]

---

[8] The TCPA distinguishes between calls made with an ATDS and calls that resulted in a prerecorded message being left. 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff claims to have recordings of 37 voicemails she believes were "prerecorded messages." However, she has no evidence to substantiate that belief and her speculation is insufficient to overcome summary judgment. *See, e.g., Dennis v. Reg. Adjustment Bureau, Inc.*, No. 09-61494, 2010 U.S. Dist. LEXIS 144776, at *10 (S.D. Fla. July 7, 2010)

### 2.   Plaintiff Expressly Consented to Receive Calls on Her Cell Phone.

Because Plaintiff cannot meet her burden of establishing an ATDS was used, the Court need not consider whether she can meet her burden of proving any calls were made without consent. *See Augustin*, 43 F. Supp. 3d at 1253 (it is plaintiff's burden to prove both ATDS and revocation). But if the Court does consider the issue, her claim fails because Capital One had consent to call the 2114 Number and Plaintiff cannot meet her burden of proving revocation.

Prior express consent is a complete defense to TCPA claims. *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1307-08 (11th Cir. 2015); *see also Harrington v. RoundPoint Mortg. Serv. Corp.*, 290 F. Supp. 3d 1306, 1310 (M.D. Fla. 2017) ("By its terms, the TCPA does not bar calls made 'with the prior express consent of the called party.'").

Prior express consent exists, *inter alia*, when the individual voluntarily provides her phone number to the business placing the calls. *Murphy*, 797 F.3d at 1305-06 (11th Cir. 2015) (citing *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752, 8769 (1992) for the proposition that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary")).

On January 5, 2017, Plaintiff accessed Capital One's online portal and added the 2114

---

(plaintiff's belief that voice messages sounded prerecorded was an unsubstantiated assertion that could not defeat summary judgment). Regardless, even if the Court considers her claim that the 37 messages were prerecorded, that relates only to those 37 calls and is not evidence that any other call was made with an ATDS or resulted in a prerecorded message. *See* 47 U.S.C. § 227(b)(1)(A)(iii) (ATDS and prerecorded messages are distinct). To the contrary, the evidence here is that messages were rarely left and were not left on each call made. Pink Decl. ¶ 12, Pink Decl. Ex. A at 1-5. Thus, the claim that she has recordings of 37 prerecorded messages has no impact on whether any other calls were made using an ATDS.

Number as a contact number for the Dress Barn Account.  Ex. 1 at No. 1; Reedy Decl. ¶ 9.

Plaintiff was required to use her username and password to make that change.  Reedy Decl. ¶

9.  Plaintiff's voluntary provision of the 2114 Number constitutes consent to receive calls under

the TCPA.  *See Murphy*, 797 F.3d at 1307-08 (11th Cir. 2015) (voluntary provision of a number

constitutes prior express consent).  Notably, Plaintiff also agreed in the card agreement that

Capital One could call any number she provided, Reed Decl. Ex. A at 3, which further

evidences her consent.  *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014)

(recognizing the impact of contracts on TCPA consent).

     Thus, to advance her TCPA claim, Plaintiff must prove that she revoked that consent.

*See Hitchman v. Nat'l Enter. Sys.,* No. 12-61043, 2014 U.S. Dist. LEXIS 30623, at *9 (S.D.

Fla. Mar. 10, 2014) (once consent is established a claim can only survive "if Plaintiff can

establish that she revoked consent").  Plaintiff cannot meet her burden of doing so.

### a.     Plaintiff Has no Evidence of Revocation.

     Plaintiff claims she orally revoked consent in September 2017 and on May 9, 2018.

Ex. 2 at No. 7.  Those are, therefore, the only dates she can advance.  *See Latimer v. Roaring

Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010) (disregarding testimony offered to avoid

summary judgment that contradicted prior sworn statements).

     Plaintiff, however, has no evidence of revocation beyond her unsupported self-serving

allegation.  That is insufficient to avoid summary judgment, particularly given her failure to

pursue discovery on the issue, and judgment should be entered on that basis alone.  *See, e.g.,

Maddox-Jones*, 448 F. App'x. at 17 ("a [nonmovant] cannot defeat summary judgment by

relying upon conclusory assertions."); *Lawrence v. Bayview Loan Servicing, LLC*, 666 F.

App'x. 875, 883 (11th Cir. 2016) ("Even after extensive discovery, Lawrence is unable to point toward a single additional date where he orally revoked consent while speaking to a Bayview representative. The trial court did not err in finding that his ambiguous deposition testimony failed to present a genuine issue of material fact for the jury to decide.").

### b. The Evidence Disproves Plaintiff's Alleged September 2017 Revocation.

Summary judgment is also appropriate on Plaintiff's alleged September 2017 revocation because the evidence proves she could not have revoked during that period.

Capital One's records firmly establish that no calls were made to the 2114 Number in September 2017.  Pink Decl. ¶ 10, Pink Decl. Ex. A at 1.  Thus, there were no calls in September 2017 for Plaintiff to answer and ask that calls stop.  Accordingly, Plaintiff's unsupported claim of revocation in September 2017 fails.  *See* 2015 FCC Order, 30 FCC Rcd 7961, 7998 (suggesting business records should triumph over "he said, she said" revocation claims); *Eubanks v. Henry Cty.,* 626 F. App'x 250, 253 (11th Cir. 2015) ("a disputed regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'").

### c. Plaintiff's Misconduct Precludes Her From Advancing Her Alleged May 9, 2018 Revocation.

Even if Plaintiff's claim that she asked Capital One to stop "using an autodialer or a pre-recorded message" on May 9, 2018 is accepted as true, summary judgment is still appropriate because of Plaintiff's improper conduct.

It is well settled that the TCPA is not a strict liability statute.  *See City Select Auto Sales, Inc. v. David Randall Associates, Inc*., 2014 U.S. Dist. LEXIS 134040 at *17 (D.N.J.

Sept. 24, 2014) ("the FCC expressly rejected the notion that the TCPA creates strict liability.");

*In re Joint Petition filed by DISH Network LLC*, 28 FCC Rcd 6574 (2013); *see also Chyba v.*

*First Fin. Asset Mgmt.*, 2013 WL 6880237; 2013 U.S. Dist. LEXIS 165276, at *31 (S.D. Cal.

Nov. 20, 2013) ("It would be incongruous with the larger statutory and regulatory scheme to

interpret TCPA to require that a debt collector be liable for acting where it had a good-faith

basis for doing so."); *Danehy v. Time Warner Cable*, 2015 WL 5534285; 2015 U.S. Dist.

LEXIS 125053, at *6-8 (E.D.N.C. Sept. 18, 2015) (granting defense summary judgment on

TCPA claim based on defendant's good faith belief that it had consent); *Harris v. Nationstar*

*Mortgage, LLC*, 2014 U.S. Dist. LEXIS 66346, at *9-10 (M.D. Fla. Apr. 23, 2014) (denying

motion to strike good faith defense); *Exclusively Cats Veterinary Hosp., P.C. v. Pharm. Credit*

*Corp.,* 2014 WL 4715532*;* 2014 U.S. Dist. LEXIS 132440 132440 (E.D. Mich. 2014)

(recognizing *in pari delicto* as a permitted defense to TCPA claims); *Snow v. Global Credit &*

*Collection Corp.*, 2014 WL 5781439; 2014 U.S. Dist. LEXIS 157023, at *7-8 (E.D.N.C. Nov.

6, 2014) (refusing to strike defense of unclean hands in TCPA suit).

Indeed, this Court has recognized the applicability of equitable defenses to TCPA

claims. *See Abramson v. 1 Global Capital LLC*, No. 15-cv-61373, 2015 U.S. Dist. LEXIS

181721, at *7-8 (S.D. Fla. Sept. 21, 2015) (Bloom, J.) (refusing to dismiss on claim of unclean

hands, but noting the potential future need to examine "whether Plaintiff has manufactured

violations of the TCPA….").[9]

Plaintiff claims she revoked consent on May 9, 2018 by following her counsel's

---

[9] The *Abramson* case was dismissed by stipulation on December 11, 2015.

instructions to make an unusual request about the method of calling or leaving messages as opposed to the calls themselves.[10]  Those instructions also advised to make the request only one time and to document every call that came thereafter.  The guidance so clearly anticipated calls would continue after the single unusual request was made, that it came with a form to document subsequent calls to be used as evidence in TCPA litigation.  Ex. 3.

That is exactly the conduct Congressman Goodlatte and Commissioner Pai warned against, and that so many Courts have found unacceptable.  *See, e.g., Phan v. Convergent Outsourcing, Inc.*, No 14-84, 2015 U.S. Dist. LEXIS 183620 (M.D Fla. Mar. 27, 2015) (dismissing manufactured TCPA claim and reserving jurisdiction to consider sanctions); *D'Ottavio v. Slack Technologies*, No. 18-09082, 2019 WL 1594270; 2019 U.S. Dist. LEXIS 64069 (D.N.J. Apr. 15, 2019) (reserving right to seek sanctions for manufactured TCPA claim).

Plaintiff's conduct is the cause of, and thus directly related to, her claims and Capital One has been harmed by, *inter alia*, expending efforts to pursue the debt and being tricked into this litigation and incurring related costs.  Her unclean hands therefore bars Plaintiff's claims. *See Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450-51 (11th Cir. 1993) (unclean hands bars a claim when: (1) the plaintiff's wrongdoing is directly related to the claim; and (2) the defendant was personally injured by the wrongdoing); *Faber v. Landman,* 123 So. 2d 405, 408 (Fla. Dist. Ct. App. 1960) ("the misconduct which in equity soils the hands of a litigant so as to bar him from the aid of a chancellor need not be a crime . . .  nor even actionable fraud .

---

[10] These instructions clearly came before she allegedly made the request as evidenced by Plaintiff entering her purported May 9, 2018 request on the form.  Ex. 3.

. . It is enough that it be condemned by honest and reasonable men.")[11]

There is no doubt that Capital One acted in good faith.  Plaintiff, on the other hand unabashedly engaged in conduct clearly designed to manufacture her claim (it was not even designed to make calls stop, as it was addressed only to _how_ calls were made and not _whether_ calls were made).  Plaintiff should therefore be barred from advancing any claim – and especially any claim grounded in her alleged May 9, 2018 statement.

### B.      Capital One is Entitled to Summary Judgment on Plaintiff's FCCPA Claim.

Plaintiff's claim that Capital One violated the FCCPA, Fla. Stat. § 559.72(7) and (9), by making calls after her purported revocation also fails.

### 1.      Capital One's Calls did not Violate Fla. Stat. § 559.72(7).

Section 559.72(7) of the FCCPA prohibits a party collecting consumer debts from "[w]illfully communicat[ing] with the debtor … with such frequency as can reasonably be expected to harass the debtor …, or willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family," Fla. Stat. § 559.72(7).  To prove a violation, Plaintiff must show that Capital One's "communications were willfully placed and that the frequency of those communications could reasonably be expected to harass" her.  _In re Whitaker_, No. 09-01619, 2013 Bankr. LEXIS 2039 at *6 (Bankr. M.D. Fla. May 10, 2013); _see Bacelli v. MFP, Inc._, 729 F. Supp. 2d 1328, 1337 (M.D. Fla. 2010)

---

[11] Plaintiff's conduct was so sinister that her claim is also barred by the doctrine of _in pari delicto_ since she is at least equally responsible for the calls continuing and the TCPA has no policy goal that would prohibit dismissing a manufactured claim (in fact Commissioner Pai of the FCC seemingly supports such a result).  _See Lamonica v. Safe Hurricane Shutters, Inc._, 711 F.3d 1299, 1308 (11th Cir. 2013) (_in pari delicto_ bars a claim when: (1) the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress; and (2) barring the suit would not substantially interfere with the policy goals of the statute).

(discussing willfulness element).  As Florida courts have explained:

> Proof of numerous calls does not make a jury issue on liability if all must agree the creditor called only to inform or remind the debtor of the debt, to determine his reasons for nonpayment, to negotiate differences or to persuade the debtor to pay without litigation. The trier of fact may consider such communications harassing in their frequency, however, when they continue after all such information has been communicated and reasonable efforts at persuasion and negotiation have failed.

*Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 5 (Fla. 4th DCA 2009) (citation omitted).

Whether conduct is harassing also requires an analysis of the "circumstances of the specific

case."  *Ortega v. Collectors Training Inst. of Ill., Inc.*, No. 09-21744, 2010 WL 11505559;

2010 U.S. Dist. LEXIS 150657, at *17 (S.D. Fla. Mar. 31, 2010) ("there is no bright-line rule

for determining whether a communication is abusive or harassing in nature; rather, to violate

the FCCPA, the behavior must be evaluated as a whole under the circumstances.").

The evidence shows nothing more than an intent by Capital One to establish contact

with Plaintiff "to inform or remind [Plaintiff] that [her] credit accounts were in arrears, to

negotiate differences, and to persuade [her] to make payments" – none of which is prohibited

by the FCCPA.  *Story v. J.M. Fields, Inc.*, 343 So. 2d 675, 677 (Fla. 1st DCA 1977).  Plaintiff

has offered no evidence to the contrary.  Moreover, nearly all of Capital One's calls to Plaintiff

were unanswered, Pink Decl. ¶ 11, Pink Decl. Ex. A at 1-5, so there is no evidence Capital

One delivered its message, and there is no evidence that Capital One's representatives were

abusive.  Finally, there is no contention that Plaintiff asked for calls to stop.  Rather her

purported comment was to the method of making those calls, not the frequency of any calls.

Thus, even if her claimed May 9, 2018 statement is accepted as true, it is insufficient to support

her FCCPA claim.  Capital One is thus entitled to summary judgment on Plaintiff's Section

559.72(7) claim.

### 2.     Capital One's Calls Did Not Violate Fla. Stat. § 559.72(9).

"To show a violation of section 559.72(9), 'it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist.'" *Pollock v. Bay Area Credit Serv., LLC*, No. 08-61101, 2009 U.S. Dist. LEXIS 71169, at *9 (S.D. Fla. Aug. 13, 2009); *see also Bacelli v. MFP, Inc*., 729 F. Supp. 2d 1328, 1337 (M.D. Fla. 2010) (collecting a debt knowing the consumer filed bankruptcy violates FCCPA); *N. Star Capital Acquisitions, LLC v. Krig*, 611 F. Supp. 2d 1324, 1336-37 (M.D. Fla. 2009) (attempting to collect post judgment interest in an amount greater than the statutory rate violates FCCPA).

There is no evidence that Capital One asserted a legal right with actual knowledge the right did not exist.  Clearly, Capital One had the right to pursue collection on the Dress Barn Account that Plaintiff defaulted on.  *See Hixson v. French*, 517 F. App'x 767, 769 (11th Cir. 2013) (affirming defense judgment where defendant "sought to collect debt it was owed" and the plaintiffs "indisputably failed to satisfy their outstanding debt.").  And even if: (1) Plaintiff had made the unusual comment about autodialed calls and prerecorded messages; and (2) that sufficed to constitute revocation for those types of calls, there is no evidence Capital One made such calls after May 9, 2018 or knew it should not make such calls after May 9, 2018.  *See Finster v. U.S. Bank Nat'l Ass'n*, 723 F. App'x 877, 882 (11th Cir. 2018) (if creditor does not know a debt is illegitimate, he cannot be liable under section 9 of the FCCPA).

Capital One is thus entitled to judgment on Plaintiff's Section 559.72(9) claim.

### 3.     Any Violation was the Result of Bona Fide Error.

Even if Plaintiff's unsupported allegations could give rise to an FCCPA violation,

Capital One is entitled to summary judgment on the bona fide error defense. The FCCPA provides that "[a] person shall not be held liable in any action brought under this section if the person shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Fla. Stat. § 559.77(3); *see Isaac v. RMB Inc.*, 604 F. App'x 818, 820 (11th Cir. 2015) ("A bona fide error is a mistake that occurred in good faith.").

Capital One has policies and procedures in place to make sure all calls cease after receipt of a request for calls to stop. Pink Decl. ¶¶ 18-19. If such a request is made, the agent would remove the number from the system and code the account to not receive any future calls. *Id.* Once the account is coded to not receive future calls, all calls would immediately stop. *Id.*

It is undisputed that when Capital One called the 2114 Number, it believed that it had Plaintiff's prior express consent to call. Any error in in that belief was a bona fide mistake that Capital One maintains procedures to avoid. Based on these undisputed facts, Capital One is entitled to summary judgement on Plaintiff's FCCPA claim.

### 4.   Plaintiff has Failed to Present Evidence of Actual Damages Caused by any Alleged FCCPA Violation.

Even if Plaintiff could establish an FCCPA violation and there was no bona fide error defense, Plaintiff is still not entitled to recover any actual damages under the FCCPA. The FCCPA permits the recovery of actual and statutory damages. *See* Fla. Stat. § 559.77(2).[12] But to obtain actual damages, Plaintiff must "adequately prove" her entitlement to such a remedy.

---

[12] Statutory damages are limited to $1,000 per case, and Plaintiff cannot claim each alleged call is an independently actionable violation. *Harrington v. RoundPoint Mortg. Servicing Corp.*, 163 F. Supp. 3d. 1240, 1247-48 (M.D. Fla. 2016) (citation omitted)).

*See Castro v. Capital One Servs. Ltd.*, 27 Fla. L. Weekly Fed. D 21 at *10 (U.S. M.D. Fla. 2017) (denying actual damages request as "too tenuous").

Plaintiff does not allege any facts supporting her allegation that actual damages resulted from any alleged FCCPA violations.  Compl. ¶¶ 42, 51.  Plaintiff also failed to identify any actual damages in her initial disclosures (Plaintiff in fact failed to make initial disclosures). *See Newton v. Palm Coast Recovery Corp.*, No. 13-62051-CIV, 2014 WL 293484; 2014 U.S. Dist. LEXIS 9550, at *8 (S.D. Fla. Jan. 27, 2014) (the "failure to calculate or document actual damages in initial disclosures may ultimately bar him from recovering those damages").

Nevertheless, Plaintiff stated in discovery that her "privacy was invaded, her peace was disturbed, she was distracted, her cellular telephone battery and memory was taxed, her cellular telephone were (sic) tied-up, and she was forced to spend precious time and mental energy tending to unwanted calls."  Ex. 2 at No. 17.  But she has not presented any specific evidence of those alleged harms and has not tied them to Capital One's calls, and as a result she is barred from pursuing actual damages under the FCCPA.  *See McLean v. GMAC Mortg. Corp,* 398 F. App'x 467 at 471 (11th Cir. 2010) (plaintiff must "present specific evidence to establish a causal link between the [defendant's] violation and [her] injuries."); *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253, 1268 (S.D. Fla. 2009) (mere recitation of economic hardships "are too vague, too conclusory and too imprecise to meet [his] burden" to prove he was injured by the alleged statutory violation).

Capital One is therefore entitled to summary judgment on Plaintiff's claim for actual damages under the FCCPA.  *See Galle v. Nationstar Mortg., LLC*, No. 16-407, 2018 WL 3390235, at *3 (M.D. Fla. Jan. 5, 2018) (granting summary judgment on the actual damages

claim because plaintiff "failed to make a sufficient showing of emotional-distress damages").

## V. <u>CONCLUSION</u>

For the foregoing reasons, Capital One respectfully requests that the Court enter summary judgment in its favor on all of Plaintiff's claims.

## VI. <u>REQUEST FOR HEARING</u>

Pursuant to Local Rule 7.1(d)(2), Capital One respectfully requests oral argument on its Motion for Summary Judgment.  Capital One believes that the Court's decision-making process would be significantly aided by oral argument and estimates that a total of 30 minutes would be required for argument.

Respectfully submitted,

Dated: July 24, 2019

/s/ *Jenny N. Perkins*
Jenny N. Perkins, Esquire
FL Bar No. 77570
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
T: 215.864.8378
F: 215.864.8999
perkinsj@ballardspahr.com
*Attorneys for Defendant*
*Capital One Bank (USA), N.A.*
.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 24th day of July, 2019, I caused a copy of the foregoing

Motion for Summary Judgment to be electronically filed with the Clerk of Court using the

CM/ECF system, which will provide electronic notice to the following:

Gregory Andrew Light, Esq.
Light & Gonzalez, PLLC
150 S. Pine Island Rd #300
Plantation, FL 33324
Telephone: (754) 203-2700
Service@lightgonzalezlaw.com

*Attorney for Plaintiff, Lawanda Johnson*


/s/ *Jenny N. Perkins*
Jenny N. Perkins