**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:18-cv-62058-BLOOM/VALLE**

LAWANDA JOHNSON,

Plaintiff,

v.

CAPITAL ONE SERVICES, LLC,

Defendant.

**DEFENDANT CAPITAL ONE BANK (USA), N.A.'s MOTION *IN LIMINE***

**TABLE OF CONTENTS**

**Page**

**I. FACTUAL AND PROCEDURAL BACKGROUND.** **1**

**II. ARGUMENT.** **2**

**A. Standard of Review.** **2**

**B. Plaintiff Should be Precluded From Presenting Her Purported Call Log.** **4**

**C. Plaintiff Should be Precluded From Presenting Any Expert Evidence of Capital One Using an ATDS.** **6**

**D. Plaintiff Should be Precluded from Presenting Testimony of Clicks and Pauses or Other Things She Claims to be Indicia of an ATDS.** **7**

**E. Plaintiff Should be Precluded From Presenting Evidence of Other Litigation or Settlements Involving Capital One.** **8**

**(i) Evidence of Litigation in Other Courts is Hearsay.** **8**

**(ii) Evidence of Other Litigation is Irrelevant, Would Substantially Prejudice Capital One, and Cause Undue Delay.** **9**

**F. Evidence Relating to Capital One's Alleged Use of An ATDS.** **11**

**G. Plaintiff Should Be Precluded From Presenting Evidence of Calls to Other Individuals and Other Numbers.** **13**

**III. CONCLUSION** Error! Bookmark not defined.

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*,
No. 17-24223-Civ-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 192104 (S.D. Fla. Nov. 9, 2018) ........ 4, 9

*ACA Int'l v. Fed. Commn's Comm.*,
885 F.3d 687 (D.C. Cir. 2018) ........ 5

*Bunch v. Pac. Cycle, Inc.*,
No. 13- 0036, 2015 U.S. Dist. LEXIS 187867 (N.D. Ga. Apr. 27, 2015) ........ 10

*Cauchon v. U.S.*,
824 F.2d 908 (11th Cir. 1987) ........ 4

*Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc.*,
818 F.2d 1398 (8th Cir. 1987) ........ 13

*CPC Intern., Inc. v. Northbrook Excess & Surplus Ins. Co.*,
144 F.3d 35 (1st Cir. 1998) ........ 11, 13

*Custer v. Terex Corp.*,
No. 4:02-CV-0038, 2005 WL 5974434 (N.D. Ga. May 17, 2005) ........ 11

*Dominguez v. Yahoo, Inc.*,
894 F.3d 116 (3d Cir. 2018) ........ 5, 8

*Estrella v. LTD Fin. Servs., LP*,
No. 8:14-cv-2624, 2015 U.S. Dist. LEXIS 148249 (M.D. Fla. Nov. 2, 2015) ........ 5, 8

*Exum v. General Elec. Co.*,
819 F.2d 1158 (D.C. Cir. 1987) ........ 4

*Ferrer v. Bayview Loan Serv., LLC*,
Case No. 15-20877, 2018 U.S. Dist. LEXIS 12600 (S.D. Fla. Jan. 25, 2018) ........ 5

*Glasser v. Hilton Grand Vacations Co., LLC*,
341 F. Supp. 3d 1305 (M.D. Fla. 2018) ........ 4, 7, 13

*Huddleston v. United States*,
485 U.S. 681 (1988) ........ 3, 10

*Johnson v. Ford Motor Co.*,
988 F.2d 573 (5th Cir. 1993) ........ 4, 9

*Mullen v. Princess Anne Volunteer Fire Co., Inc.*,
853 F.2d 1130 (4th Cir. 1988) ........ 4

*O'Bryan v. Ford Motor Co.*,
18 F. Supp. 3d 1361 (S.D. Fla. 2014) ........ 5, 7, 8

*Pinkus v. Sirius XM Radio, Inc.*,
319 F. Supp. 3d 927 (N.D. Ill. 2018) ........ 5

*Schaaf v. Smithkline Beecham Corp.*,
Civ. Act. No. 04- 2346, 2008 U.S. Dist. LEXIS 129764 (N.D. Ga. Jun. 9, 2008) ........ 10

*Strauss v. CBE Grp., Inc.*,
Case No. 15-62026, 2016 U.S. Dist. LEXIS 65587 (S.D. Fla. Mar. 22, 2016) ........ 6

*Telum, Inc. v. E.F. Hutton Credit Corp.*,
859 F.2d 835 (10th Cir. 1988) ........ 4

*U.S. v. Am. Cyanamid Co.*,
247 F. Supp. 859 (S.D.N.Y. 1977) ........ 3

*United States v. Crumpler*,
No. 06-13637, 229 Fed. Appx. 832 (11th Cir. 2007) ........ 6

*United States v. Saintil*,
753 F.2d 984 (11th Cir. 1985) ........ 4

*Williams v. Bluestem Brands, Inc.*,
No. 17-1971, 2019 U.S. Dist. LEXIS 56655 (M.D. Fla. Apr. 2, 2019) ........ 5, 7

**Statutes**

47 U.S.C. § 227 ........ 1, 5

Fla. Stat. § 559.72 ........ 1, 2

Pursuant to the Court's December 11, 2018 Scheduling Order, Defendant Capital One Bank (USA), N.A., improperly identified in the Complaint as Capital One Services, LLC ("Capital One"), by its undersigned counsel, respectfully submits its Motion *in limine* and memorandum of law in support of same.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Plaintiff Lawanda Johnson ("Plaintiff") brings two claims against Capital One in connection with her Dress Barn credit card account (the "Dress Barn Account"). Plaintiff alleges that she revoked her consent to receive calls, but Capital One continued to use an automatic telephone dialing system ("ATDS") to place calls to her alleged cell phone number (XXX) XXX-2114 (the "2114 Number"). Based thereon, Plaintiff brings claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.72 ("FCCPA").

Plaintiff does not identify the date or time period of Plaintiff's alleged revocation in her Complaint. In her sworn interrogatory responses, Plaintiff testified that she revoked consent in "September 2017" and again on May 9, 2018 both times by answering calls from Capital One.

The close of discovery has revealed fatal flaws to Plaintiff's claims. First, she has failed to prosecute her case. To advance her TCPA claim, Plaintiff has the burden to prove: (1) she is the subscriber of the 2114 Number; (2) she revoked consent in a reasonable manner on a specific date; and (3) the calls at issue were made using an ATDS. To advance her FCCPA claim, Plaintiff has the burden to prove: (1) she asked for calls to stop; (2) she continued to get calls; and (3) those calls were harassing and/or constituted Capital One exercising a right it knew it did not have.

Plaintiff has engaged in no meaningful discovery on these issues and has further provided no evidence that could satisfy her heavy burden as to each of these issues. Critically, she has not

engaged an expert, or engaged in any discovery, to establish that Capital One used an ATDS to place calls, to determine how the calls to the number at issue were made, to determine why the calls to the number at issue were made, or to establish what Capital One knew or did not know at the time of the calls. Because Plaintiff has not prosecuted her case and has no evidentiary support for her claims, Capital One believes that it will succeed on a motion for summary judgment filed concurrently herewith.

Second, the evidence seriously undermines Plaintiff's claims. Capital One produced a log of all calls it attempted to place to the 2114 Number (the "Capital One Call Log"). The Capital One Call Log establishes that Plaintiff could not have asked for calls to stop in September 2017, because no calls were being made during that period. The Capital One Call Log also refutes Plaintiff's claimed May 9, 2018 revocation in that there is no entry consistent with a request to stop calling in that log.

Capital One anticipates that Plaintiff will seek to avoid this evidence and her evidentiary failures by the introduction of irrelevant and otherwise inadmissible materials into this proceeding. Much of this evidence is also inadmissible hearsay under Rules 801 and 802. Finally, any probative value that Plaintiff may ascribe to this evidence is far outweighed by the undue prejudicial impact that such evidence would have on Capital One at trial. In short, because the specific items of evidence and argument discussed below are inadmissible, Capital One respectfully requests that the Court exclude it from the trial of this matter so that the factfinder can focus on the facts relevant to Plaintiff's claims.

## II. ARGUMENT.

### A. Standard of Review.

Evidence is "relevant" if it has any "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

without the evidence." Fed. R. Evid. ("FRE") 401. "Evidence which is not relevant is not admissible." FRE 402. Evidence is relevant if it shares a sufficient relationship with the elements of the claim to be proved at trial. *See, e.g.*, *Huddleston v. United States*, 485 U.S. 681, 689 (1988) ("Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case."); *U.S. v. Am. Cyanamid Co.*, 247 F. Supp. 859, 862 (S.D.N.Y. 1977) ("relevancy of exhibit or testimony can only be determined in context of proposition which it seeks to prove"); 2 WEINSTEIN'S FEDERAL EVIDENCE, § 401.04[2] ("Relevance Determined by Relationship Between Evidence and Matter to be Proved").

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403. The Eleventh Circuit has stated that evidence is unfairly prejudicial in that it has "an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." *Cauchon v. U.S.*, 824 F.2d 908, 914 (11th Cir. 1987) (internal quotations and citations omitted); *see also Mullen v. Princess Anne Volunteer Fire Co., Inc.*, 853 F.2d 1130, 1134 (4th Cir. 1988) (stating that unfair prejudice concerns "the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it.") (internal citations omitted); *United States v. Saintil*, 753 F.2d 984, 989 n.7 (11th Cir. 1985) (noting that under Rule 403, prejudice "relates to the likelihood of inciting the jury to an irrational decision based on an improper basis").

Hearsay is an out-of-court statement "offered to prove the truth of the matter asserted" and is not admissible except in limited circumstances. FRE 801, 802. It is well-settled in the

federal courts that allegations in a complaint constitute inadmissible hearsay. *See, e.g.*, *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-Civ-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 192104, at *24 (S.D. Fla. Nov. 9, 2018) (collecting cases); *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993) (the evidence of other "claims, lawsuits, and complaints "amount[s] to nothing more than a summary of allegations by others which constitute hearsay").

While a Court has broad discretion to determine the relevance of evidence, courts and other authorities have explained that the substantive law of the case should guide the Court as to which facts are of consequence. *See Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 838 (10th Cir. 1988); *Exum v. General Elec. Co.*, 819 F.2d 1158, 1161-63 (D.C. Cir. 1987); 2 WEINSTEIN'S FEDERAL EVIDENCE, § 401.04[3][b].

**B.     Plaintiff Should be Precluded From Presenting Her Purported Call Log.**

Plaintiff has the burden of proving Capital One used an ATDS to dial each call made to the 2114 Number after revocation. *See, e.g.*, *Glasser v. Hilton Grand Vacations Co., LLC*, 341 F. Supp. 3d 1305, 1307-14 (M.D. Fla. 2018) (granting motion for summary judgment where plaintiff failed to meet burden of establishing use of an ATDS); *Estrella v. LTD Fin. Servs., LP*, No. 8:14-cv-2624, 2015 U.S. Dist. LEXIS 148249 at *8 n.5 (M.D. Fla. Nov. 2, 2015) (same).

The TCPA defined an ATDS as technology that has the capacity to generate random or sequential numbers and dial them without human intervention. 47 U.S.C. § 227(a)(1); *see also ACA Int'l v. Fed. Commn's Comm.*, 885 F.3d 687 (D.C. Cir. 2018); *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018); *Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 939 (N.D. Ill. 2018); *Ferrer v. Bayview Loan Serv., LLC*, Case No. 15-20877, 2018 U.S. Dist. LEXIS 12600, *17-18 (S.D. Fla. Jan. 25, 2018).

This is a highly technical definition, and courts typically turn to experts to determine whether specific technology satisfies the definition. *See, e.g.*, *Williams v. Bluestem Brands, Inc.*, No. 17-1971, 2019 U.S. Dist. LEXIS 56655, at *3-4 (M.D. Fla. Apr. 2, 2019) (noting that the record was "sufficiently developed" including as to whether the system at issue was an ATDS, because parties "engaged competing experts" on the subject). Even then, the evidence regarding a telephone system must be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *O'Bryan v. Ford Motor Co.*, 18 F. Supp. 3d 1361, 1367 (S.D. Fla. 2014). Expert reports and evidence that merely hypothesize on the equipment's functions are irrelevant and inadmissible. *Dominguez*, 894 F.3d at 120.

Plaintiff has no expert report and has done no discovery into whether Capital One used an ATDS to place calls to the 2114 Number. Presumably, then Plaintiff will attempt to introduce her personal notes – what she claims is her personal log of calls Capital One made to the 2114 Number – that purports to "indicat[e] dates, times and length of phone calls received from Capital One and a description of the substance of the phone call when it was answered."[1] Pl's Ver. Interog. Resp. No. 4. In various entries in this log, the author (presumably Plaintiff) wrote the word "dialer" and tries to tie that word to a call from Capital One.

Plaintiff's handwritten purported call log and notes from purported conversations are inadmissible hearsay offered to prove the truth of the matter asserted – they would be offered to prove a call occurred at a date or time and that a statement was made on that call that was true. FRE 802. There is no exception for this hearsay as Plaintiff cannot establish a business record exception. *See, e.g.*, *United States v. Crumpler*, No. 06-13637, 229 Fed. Appx. 832 (11th Cir.

[1] Plaintiff's purported call log is attached hereto as Exhibit A.

2007) (affirming district court's decision to exclude handwritten notes where the circumstances surrounding the documents did not indicate reliability and trustworthiness).

Moreover, Plaintiff's hand written notes are dubious at best. They do not contain any comments concerning communications with Capital One regarding the balance of her Dress Barn Account, or any detail about any conversations other than the "dialer" references. They include duplicated entries with identical names for the purported representative. And the entries contradict the Capital One Calls Log – which was made in the usual course of business and at the time a call is made. At best, Plaintiff's purported call log is awash in improper speculation and legal conclusions offered to prove that Capital One utilized an ATDS to call Plaintiff that should be excluded. *See Strauss v. CBE Grp., Inc.*, Case No. 15-62026, 2016 U.S. Dist. LEXIS 65587, *6 (S.D. Fla. Mar. 22, 2016) (holding that whether equipment "is an ATDS within the definition of the TCPA is a legal conclusion").

For the foregoing reasons, Plaintiff's purported call log should be precluded.

**C. Plaintiff Should be Precluded From Presenting Any Expert Evidence of Capital One Using an ATDS.**

Capital One anticipates that Plaintiff may seek to introduce expert reports submitted in other TCPA litigation in an attempt to overcome her lack of evidence. Plaintiff should not be permitted to avoid her failure to conduct expert discovery of her own, failure to identify an expert, and failure to provide an expert report in this matter. Plaintiff has done no discovery to establish the manner in which any calls were made to the 2114 Number, so she cannot establish that any evidence or report from another case could apply here. Moreover, Capital One has had no opportunity to examine any expert opinion or information in the context of this case. Accordingly, Plaintiff cannot establish such evidence would be relevant and the introduction of such evidence would be unfairly prejudicial to Capital One. Furthermore, any expert report from

another case might suffer from its own deficiencies that Capital One has had no opportunity to challenge in the current litigation. Accordingly, the Court should preclude any effort to present evidence relating to Capital One's alleged use of an ATDS outside of this case, including but not limited to evidence or reports from other cases or matters.

### D. Plaintiff Should be Precluded from Presenting Testimony of Clicks and Pauses or Other Things She Claims to be Indicia of an ATDS.

As discussed above, the burden of establishing that Capital One used an ATDS to place the alleged calls rests with Plaintiff. *See, e.g.*, *Glasser*, 341 F. Supp. 3d at 1307-14. This determination typically requires technical acumen beyond that of a layman, and courts frequently turn to experts to determine whether specific technology satisfies the statutory definition of ATDS. *See, e.g.*, *Williams*, 2019 U.S. Dist. LEXIS 56655, at *3-4. Furthermore, evidence regarding a telephone system must be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *O'Bryan*, 18 F.Supp.3d at 1367.

Plaintiff likely seeks to introduce irrelevant and unreliable evidence she claims to be indicia of an ATDS such as clicks and pauses she purportedly experienced when answering phone calls she alleges came from Capital One. Such evidence is precisely the type of speculation and hypothesizing that courts have rejected when determining whether equipment constitutes an ATDS. *See, e.g.*, *Dominguez*, 894 F.3d at 120.

Any "opinion" that Plaintiff may hold as to the whether Capital One used an ATDS is also inadmissible under Rule 701. Plaintiff is not qualified to give expert testimony in this matter and Plaintiff has never contended otherwise. Rule 701 permits lay opinion testimony which is based on the perception of the witness and which is "not based on scientific, technical or other specialized knowledge within the scope of Rule 702." FRE 701. Plaintiff's perception of purported indicia of an ATDS necessarily lacks the scientific, technical and specialized

knowledge required under Rule 702 and therefore cannot support a finding of an ATDS. *O'Bryan* , 18 F.Supp.3d at 1367 (finding evidence regarding use of ATDS requires Rule 702 qualification); *see also Estrella*, 2015 U.S. Dist. LEXIS 148249, at *10 (granting summary judgment for defendant and finding "[t]here is no foundation or support for Plaintiff's conclusion that 'clicks and delays' and 'prolonged silences' means that an ATDS or predictive dialer was being used to place the calls").

Accordingly, Plaintiff should be precluded from presenting evidence of clicks or pauses or other purported indicia of an ATDS.

**E. Plaintiff Should be Precluded From Presenting Evidence of Other Litigation or Settlements Involving Capital One.**

Capital One also anticipates Plaintiff will try to avoid her lack of evidence through reference to or introduction of evidence of other litigation or settlements unrelated to Plaintiff. Doing so would violate the Federal Rules of Evidence in at least three ways. First, documents and testimony concerning other lawsuits, complaints or settlements involving parties outside of this case would constitute inadmissible hearsay and would violate the requirement that witnesses have personal knowledge of the subject matter about which they testify. Second, the subject matter of these actions is not probative of any fact implicated by the narrow issues of this case and, accordingly, is irrelevant. Third, introduction of this evidence would substantially prejudice the jury's view of Capital One and would needlessly prolong the trial of this matter. Accordingly, Capital One requests that this Court exclude Plaintiff from introducing evidence related to or referencing other lawsuits, regulatory actions or settlements, including class action settlements.

(i) <u>Evidence of Litigation in Other Courts is Hearsay.</u>

Hearsay is an out-of-court statement "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted" and

is inadmissible. Fed. R. Ev. 801, 802. It is well-settled in the federal courts that allegations in a complaint constitute inadmissible hearsay. *See, e.g.*, *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223, 2018 U.S. Dist. LEXIS 192104, at *24 (S.D. Fla. Nov. 9, 2018) (collecting cases); *see also Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993) (the evidence of other "claims, lawsuits, and complaints "amount[s] to nothing more than a summary of allegations by others which constitute hearsay").

Furthermore, Plaintiff necessarily lacks personal knowledge of the facts underlying any other litigation brought against Capital One by other people. *See* Fed. R. Ev. 602 (requiring witnesses have personal knowledge as to evidence submitted). Such testimony and evidence should be precluded for that additional reason.

(ii) Evidence of Other Litigation is Irrelevant, Would Substantially Prejudice Capital One, and Cause Undue Delay.

Even if non-hearsay evidence of other litigation or settlements was available, such evidence is irrelevant and its admission would irrevocably prejudice the jury against Capital One and would cause undue delay. Only relevant evidence is admissible. FRE 402. Relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401. "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." *Huddleston v. United States*, 485 U.S. 681, 689 (1988).

While this Court has broad discretion to determine the relevance of evidence, the substantive law of the case should guide the Court as to which facts are of consequence. *See Schaaf v. Smithkline Beecham Corp.*, Civ. Act. No. 04- 2346, 2008 U.S. Dist. LEXIS 129764, *5 (N.D. Ga. Jun. 9, 2008) ("Whether a fact is of consequence is determined not only by the rules of

evidence but by substantive law as well If the evidence is offered to prove a fact not in issue under substantive law then it is not relevant . . ." ) (internal quotation omitted).

The resolution of Plaintiffs' claims involves the following discrete issues that are unique to Plaintiff: whether Plaintiff is the subscriber of the 2114 Number, whether Plaintiff revoked consent to be contacted at the 2114 Number, the number of calls Plaintiff received after she purportedly revoked consent, whether Capital One placed any of those calls using an ATDS, and whether by making those calls Capital One knew it was exercising a right it knew it did not have. The proceedings in other litigation based on wholly different people and fact patterns have no probative value with respect to those issues. It is impossible to fathom how an allegation against Capital One in other litigation or a settlement of other litigation could be relevant to whether and how Capital One violated the TCPA when placing calls to the 2114 Number in an attempt to reach Plaintiff.

Additionally, the potential for prejudice and undue delay that would result from the introduction of such evidence is obvious. *See* FRE 403; *Bunch v. Pac. Cycle, Inc.*, No. 13- 0036, 2015 U.S. Dist. LEXIS 187867, at *21 (N.D. Ga. Apr. 27, 2015) (precluding "evidence or argument about other, unrelated lawsuits, as this evidence is irrelevant. Alternatively, the probative value of the evidence is substantially outweighed by the dangers of unfair prejudice and confusion."). If Plaintiff is permitted to introduce allegations from other complaints or facts from other proceedings, Capital One would be forced to present rebuttal evidence in the form not only of its substantive arguments in each individual matter but also in describing the numerous distinctions between those proceedings and the case before the jury. This would necessarily prolong and complicate these proceedings.

As explained by the First Circuit:

> introducing evidence of the…other cases would inevitably result in trying those cases, or at least, portions of them, before the jury. The merits of the other cases would become inextricably intertwined with the case at bar. The result would be confusion and the consumption of a great deal of unnecessary time.

*CPC Intern., Inc. v. Northbrook Excess & Surplus Ins. Co.*, 144 F.3d 35, 46 (1st Cir. 1998) (quoting *Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989)). Along with the Plaintiff's evidence, this Court "would be forced to permit [defendant] to introduce rebuttal evidence about [the allegations], confusing the issues and wasting the time of the court and the jury." *Id.* Rather than conduct the trials of litigation pending in other jurisdictions, this Court should grant Capital One's motion and preclude introduction of these extraneous legal actions. *See generally Custer v. Terex Corp.,* No. 4:02-CV-0038, 2005 WL 5974434, at *15 (N.D. Ga. May 17, 2005) (granting motion in limine to exclude other and similar lawsuits).

Any information or evidence pertaining to other litigation and settlements is irrelevant, and the lack of probative value of any such evidence is substantially outweighed by the danger of unfair prejudice. Accordingly, Capital One respectfully asks the Court to enter an order *in limine* barring Plaintiff's counsel from presenting argument or asking questions of witnesses pertaining to any other unrelated litigation and settlements.

**F. Evidence Relating to Capital One's Alleged Use of An ATDS.**

Plaintiff has no presented no expert report and has done no discovery into whether Capital One used an ATDS to place calls to the 2114 Number. Her failure to prosecute her case cannot be cured at this late date through the introduction of evidence not provided in discovery which would be highly prejudicial to Capital One. *See* Fed. R. Civ. P. 26(a)(1)(A), 26(e)(1) and 37(c)(1).

Federal Rule of Civil Procedure 26(a)(1)(A) requires a party to provide in its Initial Disclosure

> (ii) A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may be used to support its claims or defenses . . .

The disclosing party is required to supplement those Initial Disclosures. Federal Rule of Civil Procedure 26(e)(1) states, "A party who has made a disclosure under Rule 26(a) – or who has responded to in interrogatory, request for production, or requests for admission – must supplement or correct its disclosure or response:

> (i) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other party during the discovery process or in writing."

Plaintiff has failed to provide initial disclosures and has not identified any documents or evidence to support her allegation that Capital One used an ATDS. Federal Rule of Civil Procedure 37(c)(1) prescribes sanctions for such a failure. It states in relevant part, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." *Id.*

Furthermore, as discussed above, having failed to conduct any discovery as to the type of equipment Capital One purportedly used to place calls to the 2114 Number, the introduction of evidence regarding any telephone system or equipment would necessarily be speculative and therefore irrelevant. *See* FRE 402. Plaintiff cannot establish through the record she developed (or failed to develop) during discovery that any of the calls at issue were made utilizing any particular piece of equipment, as required to establish a violation of the TCPA. *See, e.g.*, *Glasser*, 341 F. Supp. 3d at 1307 (noting that Plaintiff bears the burden under the TCPA of establishing that the relevant calls were placed using an ATDS).

**G. Plaintiff Should Be Precluded From Presenting Evidence of Calls to Other Individuals and Other Numbers.**

Finally, Plaintiff should be precluded from presenting evidence or argument regarding customers who are not Plaintiff. As discussed above, the relevant issues to be determined in this case involve only Plaintiff and Capital One. Any introduction of evidence relating to Capital One's communications with individuals other than Plaintiff, or communications to any number not ending in 2114, is irrelevant and would serve only to insert confusion into the proceeding. *See* FRE 402, 403.

Furthermore, the introduction of any such evidence, along with the unavoidable introduction of Capital One's rebuttal evidence, would unduly complicate and confuse the proceedings. If Plaintiff introduces allegations regarding other individuals and other telephone numbers, Capital One will be forced to offer rebuttal testimony as to each and every point made, wasting valuable court resources and adding confusion. *See CPC Intern., Inc.*, 144 F.3d at 46 (finding that the introduction of irrelevant evidence would result in "confusion and the consumption of a great deal of unnecessary time"); *Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc.*, 818 F.2d 1398, 1404 (8th Cir. 1987) (along with the Plaintiff's evidence, this Court "would be forced to permit [Defendant] to introduce rebuttal evidence about [the allegations], confusing the issues and wasting the time of the court and the jury."). Rather than conduct mini-trials on issues not properly before this Court, this Court should preclude introduction of evidence and argument regarding Capital One's communications with individuals other than Plaintiff, and communications to any number not ending in 2114.

Wherefore, Capital One respectfully requests that the Court grant its Motion *in limine*, exclude the identified evidence, and grant Capital One such other relief as the Court deems proper.

## LOCAL RULE 7.1(a)(3)(A) CERTIFICATE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Respectfully submitted,

Dated: July 24, 2019

/s/ *Jenny N. Perkins*

Jenny N. Perkins, Esquire (FL Bar No. 77570)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
T: 215.864.8378
F: 215.864.8999
perkinsj@ballardspahr.com

*Attorneys for Defendant*
*Capital One Bank (USA), N.A.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 24th, 2019 a true and correct copy of the foregoing Defendant's Motion *in Limine* was served on the following individuals via email:

GREGORY LIGHT, ESQ.
Florida Bar No.: 120907
ANTHONY GONZALEZ, ESQ.
Florida Bar No.: 119756
LIGHT & GONZALEZ, PLLC
150 S. Pine Island Rd., Suite 300
Plantation, FL 33324
Email: service@lightgonzalezlaw.com

*/s/ Jenny N. Perkins*
Jenny N. Perkins