IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18-cv-62058-BLOOM/VALLE

LAWANDA JOHNSON,

       Plaintiff,

v.

CAPITAL ONE BANK (USA), N.A.,

       Defendant.

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Jenny N. Perkins, Esquire
(FL Bar No. 77570)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
T: 215.864.8378
F: 215.864.8999
perkinsj@ballardspahr.com

*Attorneys for Defendant*
*Capital One Bank (USA), N.A.*

# I. INTRODUCTION.

Plaintiff[1] concedes in her Opposition that her conduct was designed to manufacture claims and that her only "evidence" is her self-serving allegations recast as testimony. Instead of shying away from her conduct and evidentiary failures, Plaintiff doubles down and insists that her speculation and efforts to lure Capital One into TCPA and FCCPA violations are sufficient to overcome summary judgment. That is exactly what Congress and the FCC have warned against, Opening Br. at 1-2, and, more critically, is insufficient to overcome summary judgment. Accordingly, and for the reasons set forth in Capital One's opening brief, summary judgment should be entered in favor of Capital One.

# II. ARGUMENT AND CITATION OF AUTHORITY.

## A.  Plaintiff Cannot Meet Her Burden of Proving an ATDS was Used.

"Plaintiff … must show, as an element of [her] claim, that Defendant used an ATDS." *Buslepp v. Improv Miami, Inc.*, No. 12-60171, 2012 U.S. Dist. LEXIS 148527, at *6-7 (S.D. Fla. Oct. 16, 2012). Recognizing that she has **no** evidence that an ATDS was used,[2] Plaintiff hopes to avoid summary judgment by manufacturing a dispute through her allegations that: (1) she heard "a noticeable pause"; and (2) "Bill" from Capital One told her Capital One was "using an autodialer." That is insufficient to avoid summary judgment.

As an initial matter, Plaintiff's testimony and purported call log are inadmissible and,

---

[1] All defined terms share the definition set forth in Capital One's opening brief.

[2] By way of limited example, Plaintiff has no evidence: (1) as to how each call was made; (2) whether any technology was used to make calls (as opposed to a desktop phone); and (3) if technology was used, what it was, how it works, whether it can "randomly or sequentially" generate and dial numbers, and what level of human involvement was required. Plaintiff cannot even name the telephone or telephone system used to place any calls.

1

therefore, insufficient to create an issue of fact. *See* Doc. No. 26 at 4-6; *United States v. Jones*, 29 F.3d 1549, 1554-55 (11th Cir. 1994) (reversing summary judgment based on inadmissible evidence); *Samedi v. Miami-Dade Cty.*, 134 F. Supp. 2d 1320, 1330 (S.D. Fla. 2001) ("Material that is inadmissible will not be considered on a summary-judgment motion because it would not establish a genuine issue of material fact if offered at trial.").

Moreover, since Plaintiff has the burden of proof, it is not enough to try to create a mere possibility that a key elements exists. Rather, Plaintiff must present evidence that, if accepted as true, would prove an ATDS was used. *See Eubanks v. Henry Cty.,* 626 F. App'x 250, 253 (11th Cir. 2015) ("a disputed issue of fact exists only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'")

Plaintiff's testimony that she experienced pauses and someone used the word "autodialer" is not sufficient to meet her burden: a jury could not conclude from that alone that an ATDS was used. While Plaintiff speculates that a pause is "indicative" of an ATDS being used, she has neither evidence nor expertise to support that claim. While Plaintiff speculates that the phrase autodialer refers to an ATDS, she has no evidence that the term refers to an ATDS or that the agent meant an ATDS was used.[3]

While discovery might have drawn light on these issues, Plaintiff did not pursue it. And while an expert witness theoretically might be able offer some connection between a pause

---

[3] Plaintiff admits that "type of dialer" field on Capital One's call log refers to the fact that Plaintiff's account was a "partnership" account. Plf's Resp. to Stmt. of Mat. Facts ¶¶ 17-18. Autodialer could mean the calls were on Plaintiff's partnership account as opposed to a Capital One branded credit card. But we do not know, because Plaintiff did not engage in discovery.

or the term autodialer and an ATDS,[4] Plaintiff has engaged no expert and has not opposed Capital One's motion in *limine* to preclude expert testimony.  Doc. No. 26 at 6-7.

Instead, Plaintiff's counsel simply says that pauses and the term autodialer are evidence an ATDS was used without citation to record evidence.  That is speculation and is insufficient to overcome summary judgment.  *See Cordoba v. Dillard's, Inc*., 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact."); *O'Bryan v. Ford Motor Co.*, 18 F. Supp. 3d 1361, 1367 (S.D. Fla. 2014) (evidence regarding a telephone system must be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702.").

Indeed, it is very well settled that Plaintiff cannot overcome summary judgment with such "evidence."  *See, e.g., Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1308-09 (S.D. Fla. 2016) ("[c]ourts have routinely rejected similar claims by plaintiffs who try to maintain a TCPA claim on the belief that an ATDS was used based on 'clicks,' 'delays,' or 'dead air' on the other end of the line.") (citation omitted); *Estrella v. LTD Fin. Servs., LP*, No. 14-2624, 2015 U.S. Dist. LEXIS 148249, at *10 (M.D. Fla. Nov. 2, 2015) ("there is no foundation or support for Plaintiff's conclusion that 'clicks and delays' and 'prolonged silences' means that an ATDS or predictive dialer was being used to place the calls."); *Dennis v. Reg. Adjustment Bureau, Inc.,* No. 09-61494, 2010 U.S. Dist. LEXIS 144776, at *3 (S.D. Fla. July 7, 2010) (plaintiff's "belie[f] that the voice mails she received from Defendant sounded pre-recorded" could not defeat a summary judgment motion); *Vanover v. NCO Fin.*

---

[4] Offering this opinion is quite different from opining that a system "satisf[ies] the TCPA's definition of an automatic telephone dialing system" which Plaintiff correctly notes would be an impermissible legal opinion.  *See* Op. at 6 (citing *Legg v. Voice Media Group*, *Inc*., No. 13-62044, 2014 U.S. Dist. LEXIS 61322 (S.D. Fla. May 2, 2014)).

3

*Sys.*, No. 14-964, 2015 U.S. Dist. LEXIS 186230, at *11-12 (M.D. Fla. Nov. 17, 2015) ("In lieu of direct evidence, Plaintiff asks the Court to infer that an ATDS was used because every time she received a call, she heard delays, clicks, and pre-recorded messages.  However, the fact that a plaintiff hears clicks, delays, and prolonged silences is insufficient to raise a factual issue as to whether an ATDS was used to place calls."); *Celestine v. JP Morgan Chase Bank, N.A.*, No. 17-20915, 2018 U.S. Dist. LEXIS 79685, at *7-8 (S.D. Fla. May 11, 2018) (testimony that "a long pause before the caller began speaking" means an ATDS was used is speculative and therefore "insufficient to defeat [a] motion for summary judgment.").

Plaintiff cannot avoid this critical failure by pointing to *Wigesinha v. Bluegreen Vacations Unlimited, Inc.*, No. 19-20073, 2019 U.S. Dist. LEXIS 57136 (S.D. Fla. Apr. 3, 2019) or *Light v. Seterus*, No. 18-62291, Doc. 37 (S.D. Fla. May 20, 2019).  The *Wigesinha* Court denied a motion to dismiss because allegations of clicks and pauses satisfied the low pleading standard.  In doing so the Court noted that whether Plaintiff's observations alone were sufficient should be "addressed at summary judgment, not on a motion to dismiss."  *Id.* at 15.

While the *Light* Court did deny summary judgment, it did not rely only on Plaintiff's counsel's observations (the named plaintiff in *Light*) or alleged statements of the defendant's representative.  The Court was also presented with evidence of the technology that was used and defendant's servicing notes, which referred to that technology as an ATDS.  No. 18-62291, at *6.  The *Light* Court found a disputed issue of fact only because "Plaintiff offers more than his own observations and speculation – he has the admissions and service notes of [defendant's] employees."  *Id.*

Plaintiff here has no such evidence.  She has only her alleged observations and

4

speculation as to what she allegedly experienced and purportedly heard. That is insufficient to establish the use of an ATDS and summary judgment should be entered for Capital One.[5]

### B. Plaintiff Cannot Establish Revocation of Consent[6]

Plaintiff admits that she voluntarily provided the 2114 Number to Capital One on January 5, 2017. Plf's Resp to Stmt of Mat Facts ¶¶ 9-11. Capital One has, therefore, met its burden of proving it had prior express consent, which is a complete defense to Plaintiff's claim. *See Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1307-08 (11th Cir. 2015) (prior express consent exists, *inter alia*, when the individual voluntarily provides her phone number to the business placing the calls and it is a complete defense to a TCPA claim).

Thus, to avoid summary judgment, Plaintiff must prove that she revoked that consent in an effective manner. *See Hitchman v. Nat'l Enter. Sys.,* No. 12-61043, 2014 U.S. Dist. LEXIS 30623, at *9 (S.D. Fla. Mar. 10, 2014) (once consent is established a claim can only survive "if Plaintiff can establish that she revoked consent.").

Plaintiff previously testified in her verified interrogatory responses she revoked consent in September 2017 and on May 9, 2018. Doc. No. 24-4 at 3. Realizing she cannot overcome

---

[5] Plaintiff's claim that she heard 37 prerecorded messages and suggestion that "virtual msg to AUTOV" (Plfs' Resp to Stmt of Mat Facts ¶ 22) means a prerecorded message was left is also speculation. *See, e.g., Dennis*, 2010 U.S. Dist. LEXIS 144776, at *3 (plaintiff's unsubstantiated claim that voice messages were prerecorded was speculation that could not defeat summary judgment). Plaintiff's recording of a message she claims is prerecorded does not change the fact that she is speculating, and the recording is inadmissible in any event. Doc. No. 26 at 7-8. Regardless, her claim that the 37 messages were prerecorded is not evidence that any call was made with an ATDS or otherwise resulted in a prerecorded message.

[6] Because Plaintiff cannot establish an ATDS was used, the Court need not consider whether she revoked consent. Regardless, it is clear Plaintiff consented and did not effectively revoke.

5

the evidence disproving those claims and forced to face her misrepresentations to Capital One, Plaintiff has changed her testimony. Plaintiff now adds to her claim of May 9, 2018 revocation by claiming her first revocation was "around," and not "in," September 2017 and that she revoked consent on November 5, 2017 by pretending to be someone else and lying about the number being wrong. Op. at 10-12.

The Court should reject Plaintiff's new contentions that she revoked consent around September 2017 and on November 5, 2017 as sham testimony. *See Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010) (disregarding testimony offered to avoid summary judgment as sham because it contradicted prior sworn statements).

Regardless, each claim of revocation is insufficient. Plaintiff's alleged first revocation (originally September 2017 revocation) fails because it lacks the requisite specificity. To meet her burden, Plaintiff must identify her revocation with specificity. *See Lawrence v. Bayview Loan Servicing, LLC*, 666 Fed. Appx. 875, 883 (11th Cir. 2016) ("Lawrence is unable to point toward a single additional date where he orally revoked consent while speaking to a Bayview representative. The trial court did not err in finding that his ambiguous deposition testimony failed to present a genuine issue of material fact for the jury to decide."); *Rodriguez v. Premier Bankcard, LLC*, No. 16-2541, 2018 U.S. Dist. LEXIS 149225, at *36-37 (N.D. Ohio Aug. 31, 2018) (stating that "on or around" a specific date the plaintiff asked that calls stop, but not remembering "when it occurred, or 'what [plaintiff] told them'" amounts to no more than "vague recollection [constituting] . . . a mere 'scintilla' of evidence . . . [that] does not create a genuine issue of fact."). Since Plaintiff cannot identify the date of the alleged first revocation or what she said, she cannot avoid summary judgment on that alleged revocation.

Plaintiff's newly claimed November 5, 2017 alleged revocation fails because it was not a clear request for calls to stop. Revocation is only effective if the speaker "clearly expresses a desire not to receive further messages." *Schweitzer v. Comenity Bank,* 866 F.3d 1273, 1278 (11th Cir. 2017); *see also Cesaire v. Med. Servs.*, No. 15-1886, 2016 U.S. Dist. LEXIS 162615, at *18 (M.D. Fla. Nov. 23, 2016) (summary judgment for defendant because purported revocation was not "clear" or "unequivocal"); *Welch v. Green Tree Servicing, LLC (In re Runyan)*, 530 B.R. 801, 807 (Bankr. M.D. Fla. 2015) ("[U]nder Eleventh Circuit precedent, the TCPA requires – at a minimum – express and clear revocation of consent; implicit revocation will not do."). Plaintiff "dawn[ing] a fake British accent" and telling Capital One it had the "wrong number" is not a clear expression of a desire to not receive further calls and is, therefore, insufficient to constitute revocation.[7]

Finally, Plaintiff's May 9, 2018 alleged revocation fails because: (1) of Plaintiff's improper conduct; and (2) there is no evidence that Capital One called Plaintiff using an ATDS or left a prerecorded message after May 9, 2018.

Instead of shying away from her misconduct, Plaintiff brazenly concedes it and asks the Court to validate it. As if it somehow helps, Plaintiff explains how she furthered her manufactured claim by purportedly answering calls and – instead of asking for calls to stop like someone who actually wanted calls to stop might do – trying to get information about

---

[7] It is frankly shocking that Plaintiff is so certain in her ability to advance her claims with only her allegations that she not only admits to lying to Capital One, but now claims that her affirmative misrepresentation constitutes revocation. While some Courts have recognized the reality of consumers lying to creditors, *see Wilson v. Badcock Home Furniture,* 329 F.R.D 454, 459 (M.D. Fla. 2018) (considering impact of such misstatements on class certification), Capital One is not aware of any Court finding such a misrepresentation to be revocation.

technology used to place the call so she could document it for this case. Op. at 7. That is not the conduct of someone who wants calls to stop: it is the conduct of someone trying to manufacture a claim, which should not be countenanced. *See, e.g., LaMarca v. Turner,* 995 F.2d 1526, 1543 (11th Cir. 1993) ("district courts have broad discretion to fashion equitable relief," as long as the relief "target[s] the existing wrong.") (quoting *Milliken v. Bradley*, 433 U.S. 267, 288 (1977)) (characterizing "equity powers of the court" as "broad and flexible.")); *Transcon. Gas Pipe Line Co. v. 6.04 Acres*, 910 F.3d 1130, 1167 (11th Cir. 2018) ("Application of the equitable doctrine of unclean hands lies within the sound discretion of the district court.")

Even if the Court excuses her misconduct,[8] Plaintiff has no evidence that Capital One did not comply with her purported request. Rather, she claims only that she continued to get calls and speculates as to how those calls were made. Because Plaintiff has no evidence that she received prerecorded voicemails or calls made using an ATDS, and her admitted misconduct is insufficient to effectuate revocation, her May 9, 2018 revocation claim also fails.

### C. **Plaintiff Concedes the Core Elements of Her FCCPA Claims.**

Plaintiff's FCCPA claims fail because she: (1) concedes Capital One was allowed to collect the debt; (2) cannot establish a request for calls to stop; and (3) has no evidence that Capital One and Plaintiff discussed the debt.

To advance her § 559.72(7) claim, Plaintiff must show that she asked for calls to stop or that significant calls continued after Capital One determined her reasons for non-payment. *See Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 5 (Fla. 4th DCA 2009)). As set forth above,

---

[8] Capital One does not concede this request was made, but recognizes this dispute.

none of Plaintiff's revocation claims survive summary judgment and her alleged May 9, 2018 request related only to the use of certain technology. Moreover, there is no evidence that Capital One and Plaintiff discussed the debt and reason for non-payment. As a result, summary judgment should be entered in favor of Capital One on Plaintiff's § 559.72(7) claim.

To advance her § 559.72(9) claim, Plaintiff must show that Capital One asserted the existence of a legal right that it knew did not exist. *See Stanley v. Kan Counselors*, no. 14-80284, 2014 U.S. Dist. LEXIS 199494, at *18-19 (S.D. Fla. Oct. 1, 2014) (§ 559.72(9) claim requires assertion of a legal right that the speaker knows does not exists, for example demanding repayment of an illegitimate debt or threatening action that cannot be taken); *see also* Op. at 18 (conceding this requirement). Conversely, "demand[ing] payment upon a legitimate debt will not support a claim under section 559.72(9)." *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011).

Plaintiff admits that Capital One had the right to pursue the debt, Op. at 18, which alone obviates her § 559.72(9) claim. *See id.* (demanding payment of a legitimate debt cannot support § 559.72(9) claim). Moreover, even if accepted as true, Plaintiff's claim that Capital One used "an autodialer or a pre-recorded message" to collect her debt pertains only to the use of technology to make calls. It is not an "assertion" of a legal right that does not exist, and therefore cannot act as the predicate for Plaintiff's § 559.72(9) claim. *See, e.g., Garcia v. Law Offices of Joel Cardis, LLC*, No. 07-60236, 2007 U.S. Dist. LEXIS 66229 (S.D Fla. Sept. 7, 2007) ("Defendant asserted a valid right to collect the debt. The Defendant's failure to register under the Florida Act [as an out of state debt collector] (if it was required to do so) does not invalidate the legal right to collect the debt from Plaintiff. The Plaintiff acknowledges in this

9

case that she owes the debt . . . . The Defendant has not asserted a right known not to exist.").

Finally, Capital One has proven that any FCCPA violation was bona fide error. It is undisputed that Capital One has policies to effectuate revocation requests. Pink Decl. ¶¶ 18-19. Plaintiff does not dispute that. Rather, she claims only that her alleged experience was contrary to those policies and argues that this somehow proves Capital One's policies were insufficient. Plaintiff misses the point – it is the combination of Capital One's policy and what she claims occurred that makes it bona fide error. *See Isaac v. RMB Inc.*, 604 F. App'x 818, 820 (11th Cir. 2015) ("A bona fide error is a mistake that occurred in good faith."). Accordingly, Plaintiff's FCCPA claims are also barred by bona fide error.[9]

### III. CONCLUSION

Plaintiff admits she engaged in conduct designed to lure Capital One into TCPA and FCCPA violations as opposed to making calls stop, admits that she made affirmative misrepresentations to Capital One to advance those claims, and acknowledges that she did no discovery to advance her case. She now seeks to avoid summary judgment by arguing her conduct was okay and her lack of supporting evidence should be ignored. Congress, the FCC, the Eleventh Circuit and the Rules of Civil Procedure disagree. Summary judgment should be entered in favor of Capital One.

Date: August 14, 2019                            Respectfully submitted,

/s/ *Jenny N. Perkins*

---

[9] Plaintiff has "withdraw[n] her claim for actual damages." Op. at 22. Thus, if any FCCPA claim survives, Capital One respectfully requests an Order limiting damages to a total of $1,000 and attorney's fees and prohibiting Plaintiff from pursuing $1,000 per alleged call. *See Harrington v. RoundPoint Mortg. Servicing Corp.*, 163 F. Supp. 3d. 1240, 1247-48 (M.D. Fla. 2016) (statutory damages under FCCPA are $1,000 per case not per alleged violation).

Jenny N. Perkins, Esquire
(FL Bar No. 77570)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
T: 215.864.8378
F: 215.864.8999
perkinsj@ballardspahr.com
*Attorneys for Defendant
Capital One Bank (USA), N.A.*
.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 14th day of August, 2019, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will provide electronic notice to the following:

Gregory Andrew Light, Esq.
Light & Gonzalez, PLLC
150 S. Pine Island Rd #300
Plantation, FL 33324
Telephone: (754) 203-2700
Service@lightgonzalezlaw.com

*Attorney for Plaintiff, Lawanda Johnson*

/s/ *Jenny N. Perkins*
Jenny N. Perkins, Esquire (77570)