# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-62058-BLOOM/Valle

LAWANDA JOHNSON,

      Plaintiff,

v.

CAPITAL ONE SERVICES, LLC,

      Defendant.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Capital One Bank (USA) N.A.'s ("Defendant" or "Capital One") Motion for Summary Judgment, ECF No. [24] (the "Motion"). Plaintiff Lawanda Johnson ("Plaintiff" or "Johnson") filed a response, ECF No. [37] (the "Response"), to which Defendant filed a reply, ECF No. [40] (the "Reply"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

## I.      BACKGROUND

This case arises as a result of a series of unwanted telephone calls. In her Complaint, ECF No. [1], Johnson alleges that Capital One attempted to collect a debt arising from a Dress Barn Capital One credit card account. In its attempts to collect on the debt, Capital One allegedly placed a series of telephone calls to Johnson's cellular phone after she revoked her consent to receive calls from an automated telephone dialing system ("ATDS"). As a result, Plaintiff commenced this action against Capital One asserting claims for violation of the Telephone Consumer Protection

Act, 47 U.S.C. § 227 ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55-559.785.

## II.     RELEVANT FACTS

Johnson opened a Dress Barn credit card account on October 15, 2015. Defendant's Statement of Material Facts ("Def. SOMF"), ECF No. [25] ¶¶ 1, 3.[1] She regularly used her Dress Barn account until her last purchase on June 6, 2016. *Id.* ¶¶ 4-5. Thereafter, Johnson defaulted on the Dress Barn account by failing to make payments. *Id.* ¶ 6.

The card member agreement governing Johnson's Dress Barn account states in pertinent part:

> **Communications.** You agree that we may communicate with you by mail, telephone, email, fax, prerecorded message, automated voice, text message or other means allowed by law regarding your Account.
>
> You agree that we may contact you at any telephone number (including a mobile telephone number that you provide us) and use an automated telephone dialing system or similar device to do so. You agree that we may monitor or record any conversation or other communication with you.

*Id.* ¶ 8. On January 5, 2017, Johnson accessed her Dress Barn account online by signing in with her username and password. *Id.* ¶¶ 9-10. In her account, she changed her telephone number to a 2114 number. *Id.* ¶ 11. Capital One regularly maintains logs of calls and maintained a call log of all calls made to the 2114 number. *Id.* ¶¶ 13-14. Capital One first called the 2114 number on October 10, 2017. *Id.* ¶ 19. The call log reflects a conversation that took place on November 5, 2017, during which Johnson stated in a fake British accent that the agent had reached the wrong number. *Id.* ¶¶ 28, 31; Plaintiff's Opposing Statement of Material Facts ("Pl. SOMF"), ECF No.

---

[1] Where a fact is uncontroverted by the opposing party, the Court cites only to the originating Statement of Facts.

[36] ¶ 31, 35; ECF No. [46]. The call prompted the agent to make a "do not call again" entry in the call log. Def. SOMF ¶ 31. Nevertheless, because the 2114 number belonged to Johnson, the calls continued. *Id.* ¶ 32.

Johnson claims she revoked her consent to receive calls to the 2114 number in September 2017 by asking Capital One to stop calling because she could not make payments in the aftermath of Hurricane Irma, and again on May 9, 2018. However, the parties agree that no calls were made to the 2114 number in September 2017. *Id.* ¶¶ 33-35; Pl. SOMF ¶ 35. Johnson claims she revoked her consent on May 9, 2018, by asking not to be called using an auto dialer or prerecorded message, but Capital One's call log does not reflect that request. Def. SOMF ¶ 36-37. Johnson kept her own log of calls, which provide written guidance from her attorney to "ONLY REVOKE 1 TIME PER DEBT COLLECTOR: Tell them: 'DO NOT CALL ME USING AN AUTODIALER OR PRE-RECORDED MESSAGE ANYMORE.'" *Id.* ¶¶ 38-40.

In addition, Johnson asserts that prior to being connected to a representative on May 9, 2018, and on every call thereafter, there was a noticeable pause. Pl. SOMF ¶¶ 46-47. Johnson also asserts that she received a call from Capital One on May 16, 2018, during which she spoke to a representative named Bill, who told her that Capital One had used an autodialer. *Id.* ¶ 48. In her Declaration, Johnson further states that she received prerecorded voicemail messages from Capital One on May 19, 2018, and on at least thirty-six (36) other occasions. *Id.* ¶ 49. Capital One disputes these facts. Capital One now moves for summary judgment on Johnson's TCPA and FCCPA claims.

## III.   LEGAL STANDARD

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). The parties may support their positions by citation to the record, including, *inter alia*, depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F. 3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the party's favor. *Crocker v. Beatty*, 886 F.3d 1132, 1134 (11th Cir. 2018). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden to demonstrate the absence of a genuine issue of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If a movant satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs.*, L.L.C., 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and

admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343.

In resolving the issues presented under Fed. R. Civ. P. 56, "the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied." *Carlin Commc'n, Inc. v. Southern Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986); *see also Aurich v. Sanchez*, No. 08-80113-CIV, 2011 WL 5838233, at *1 (S.D. Fla. Nov. 21, 2011) ("If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then the court must not grant summary judgment." (citing *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913 (11th Cir. 1993)). Even "where the parties agree on the basic facts but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

However, summary judgment is inappropriate where the Court would be required to weigh conflicting renditions of material fact or determine witness credibility. *See Hairston*, 9 F.3d at 919; *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment."); *see also Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he [or she] is ruling on a motion for summary judgment or for a directed verdict." (quoting *Anderson*, 477 U.S. at 255)); *Gary v. Modena*, No. 05-16973, 2006 WL 3741364, at *16 (11th Cir. Dec. 21, 2006) (Fed. R. Civ. P. 56 precludes summary judgment where court would be required to reconcile conflicting testimony or assess witness credibility); *Ramirez v. Nicholas*, No.

13-60820-CIV, 2013 WL 5596114, at *4 (S.D. Fla. Oct.11, 2013) ("The Court may not make the credibility determinations needed to resolve this conflict; only the jury may do so."). Through this lens, the Court considers the Motion.

## IV.    DISCUSSION

In the Motion, Capital One argues that it is entitled to summary judgment on Johnson's TCPA and FCCPA claims because Johnson cannot meet her burden to prove that an ATDS was used, Johnson expressly consented to receive calls on her cell phone and did not effectively revoke that consent. Moreover, Capital One's calls did not violate the FCCPA, and if they did, any violation was the result of a bona fide error.[2] The Court considers the arguments in turn.

### A.  There is insufficient evidence to create a genuine issue of material fact as to whether Capital One used an ATDS

The TCPA makes it unlawful for any person to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). In order to establish a claim under the TCPA, a plaintiff must show that "(1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party." *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012); *see also Solis v. CitiMortgage, Inc.*, 700 F. App'x 965, 970 (11th Cir. 2017). The TCPA defines an ATDS as equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator *and* to dial the stored numbers. 47 U.S.C. § 227(a)(1) (emphasis added).

---

[2] Defendant also argues that Johnson has failed to present evidence of actual damages cause by an alleged FCCPA violation; however, Johnson has withdrawn her claim for actual damages. *See* Response, ECF No. [37] at 22.

Capital One argues that the entirety of the evidence establishes that an ATDS was not used to call the 2114 number. ECF No. [24] at 16. Capital One contends that Johnson has not presented, and cannot present, any evidence to support the second element of her TCPA claim—that Capital One used an ATDS. Johnson responds that her testimony regarding noticeable pauses during phone calls before being connected to a Capital One representative and the representative Bill's statement that Capital One had been using an automatic dialer to call her, create a genuine issue of material fact. The Court disagrees.

First, Even assuming the truth of this statement, there is no further evidence to indicate that the "auto dialer" used qualifies as an ATDS under the statute. Johnson states in her Declaration that "[o]n May 16, 2018 at approximately 3:58 p.m. I received a telephone call from Capital One and was eventually connected to a representative named Bill. I asked Bill directly if he had used an auto dialer to contact me that day and Bill stated that Capital One had used an auto dialer." ECF No. [36-1] ¶ 15. However, to fall within the definition of an ATDS under the TCPA, the equipment used must have the capacity to store or produce telephone numbers to be called using a random or sequential number generator *and* to dial the stored numbers. As such, the representative's statement does not create a genuine issue of material fact.

Second, Johnson's statement that there was a noticeable pause before calls connected is insufficient to create a genuine issue of material fact. "Courts have routinely rejected similar claims by plaintiffs who try to maintain a TCPA claim on the belief that an ATDS was used based on 'clicks,' 'delays,' or 'dead air' on the other end of the line." *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1308 (S.D. Fla. 2016) (collecting additional cases). Johnson's reliance on *Wijesinha* and *De Los Santos* is unavailing. In both cases, the court determined upon *motions to dismiss* that allegations regarding silences or delays were sufficient to state a claim. *See Wijesinha*

*v. Bluegreen Vacations Unlimited, Inc.*, No. 19-20073-CIV-ALTONAGA/Goodman, 2019 WL 3409487, at *6 (S.D. Fla. Apr. 3, 2019) (finding that allegations regarding a pause before connection, job listings requesting applicants with an understanding of ATDS, and complaints from other consumers were adequate to state a claim); *De Los Santos v. Millward Brown, Inc.*, No. 13-80670-CV, 2014 WL 2938605, at *3 (S.D. Fla. June 30, 2014) (noting that an allegation that a defendant used an auto dialer is sufficient to withstand a motion to dismiss). However, on a motion for summary judgment, Plaintiff must point to record evidence sufficient to create a genuine issue of material fact as to the use of an ATDS. Johnson has failed to present any evidence regarding the features and capabilities of the equipment used. Her belief that an ATDS was used based upon hearing silences before being connected and Defendant's representative's perfunctory statement fails to create a genuine issue of material fact in this case. *See Martin*, 192 F. Supp. 3d at 1308 (finding that plaintiff's contention that when she picked up a call she "heard an auto dialer" is insufficient to withstand summary judgment).

### B. A genuine issue of material fact remains as to the use of prerecorded messages

Capital One claims that there is insufficient evidence to support a claim premised upon calls made using a prerecorded message. Capital One relies upon *Dennis v. Reg. Adjustment Bureau, Inc.*, No. 09-61494, 2010 WL 3359369 (S.D. Fla. July 7, 2010) to support its argument. Johnson counters that her own testimony that she received at least thirty-six (36) identical prerecorded messages from Capital One is sufficient evidence to create a genuine issue of material fact with respect to her TCPA claim. The Court agrees with Johnson and finds *Dennis* to be inapposite to the facts at bar.

The TCPA imposes liability for the use of an ATDS *or* an artificial or prerecorded voice. *See* 47 U.S.C. § 227(b)(1)(A) (emphasis added). Thus, even if Johnson has failed to support her

claim that Capital One used an ATDS, Capital One may still be liable for using an artificial or prerecorded voice. *See Whitehead v. Ocwen Loan Servicing, LLC*, No. 2:18-cv-470-FtM-99MRM, 2018 WL 5279155, at *4 (M.D. Fla. Oct. 24, 2018) (finding that claim regarding use of artificial or prerecorded voice proceeds even if the claim premised upon use of ATDS fails). Here, the record evidence is distinguishable from the facts in *Dennis*, where the account notes for plaintiff's account reflected that each call was manually dialed. Although Capital One disputes the frequency and number of messages left, Capital One does not dispute that messages were left on Johnson's 2114 number, and Capital One's own call log reflects copious entries with the notation "[v]irtual msg to AUTOV." ECF No. [33]. As a result, a genuine issue of material fact remains as to whether Capital One violated the TCPA by using prerecorded messages. *See, e.g. Wilcox v. Green Tree Servicing, LLC*, No. 8:14-cv-1681-T-24 TGW, 2015 WL 2092671, at *6 (M.D. Fla. May 5, 2015) (denying summary judgment on TCPA claim where there was a factual dispute regarding whether defendant left prerecorded messages on plaintiff's cell phone).

### C. A genuine issue of material fact remains with respect to revocation of consent to calls after May 9, 2018

Capital One argues that it is nevertheless entitled to summary judgment on Johnson's TCPA claim because she expressly consented to receive calls on her cell phone. Moreover, Johnson cannot prove that she revoked that consent.

The TCPA expressly exempts calls made with the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A). "Prior express consent is an affirmative defense for which the defendant bears the burden of proof." *Lardner v. Diversified Consultants Inc.*, 17 F. Supp. 3d 1215, 1224 (S.D. Fla. 2014) (citation and quotations omitted); *see also Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012) (same). In this case, prior express consent can be shown by demonstrating that Johnson provided her cell phone number to Capital One in

connection with an existing debt. *See Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1251-52 (11th Cir. 2014). The parties do not dispute that Johnson logged onto her Dress Barn account online and changed her telephone number to the 2114 number in January, 2017, or that the terms of the Dress Barn account expressly provide consent to be contacted on a number provided by the customer. Thus, Capital One has established that Johnson consented to being contacted by Capital One.

However, the parties dispute when and whether Johnson orally revoked consent. In response to Defendant's interrogatories, Johnson stated that she revoked consent in September, 2017 and again on May 9, 2018. ECF No. [24-4] ¶ 7. But according to Johnson's Declaration, she now is "not sure of the precise date of this telephone call," though she is sure she told a Capital One representative to stop calling her sometime after Hurricane Irma hit South Florida in September of 2017. ECF No. [36-1] ¶¶ 3-4. This statement is inconsistent with her prior sworn responses to interrogatories. In addition, Johnson argues for the first time in her Response that the November call, during which she informed the Capital One representative in a fake British accent that he had the wrong number, should now be interpreted as a revocation. Capital One counters that its records establish that no calls were made to the 2114 number in September, 2017, and that the first time Capital One called Johnson was on October 10, 2017—which Johnson admits. Pl. SOMF ¶ 19.

Pursuant to Rule 26, "[a] party who has . . . responded to an interrogatory . . . must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed. R. Civ. P. 26(e). Johnson's sworn responses to

interrogatories are unequivocal that the two instances in which she contends that she revoked consent were specifically in September of 2017 and on May 9, 2018. *See* ECF No. [24-4] ¶¶ 7-8. It was incumbent upon Johnson to supplement her responses once she realized that the September date was not accurate. Johnson did not supplement her responses to reflect any uncertainty with respect to the timing of the September, 2017 call, nor did she identify the November call as an instance during which she revoked her consent. As a result, Johnson fails to provide evidence that she revoked consent in September, 2017 based upon her admission that Capital One did not call her until October. Furthermore, based upon the inconsistencies between her responses to interrogatories and her Declaration, coupled with the failure to disclose the November call as an instance of potential revocation, Johnson has provided no further evidence to suggest that she revoked consent at any time prior to May 9, 2018.

Johnson maintains that her statement on May 9, 2018, that Capital One stop calling her using an auto dialer or prerecorded message was sufficient to revoke her consent. In it Reply, Capital One argues that the request evinces misconduct that should preclude Plaintiff from advancing her TCPA claim. Capital One argues further that the misconduct is apparent because she made the request upon the advice of counsel and the request was unusual in that it addressed only *how* calls were made and not *whether* calls were made. As such, Capital One argues that Johnson engaged in conduct designed to manufacture a TCPA claim, and that because the TCPA is not a strict liability statute, equitable defenses may apply. Therefore, Capital One argues that the doctrine of unclean hands should bar Johnson's claim. The Court disagrees.

First, contrary to Capital One's assertion, it is well settled in this Circuit that the TCPA is essentially a strict liability statute that does not require intent except when determining an award of treble damages. *Breslow*, 857 F. Supp. 2d at 1318; *Lardner*, 17 F. Supp. 3d at 1220; *Penzer v.*

*Transp. Ins. Co.*, 545 F.3d 1303, 1311 (11th Cir. 2008); *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 775 (11th Cir. 2011). Moreover, the applicability of an equitable defense such as unclean hands to a TCPA claim is uncertain. *See, e.g. Bruce v. Ocwen Loan Servicing, LLC*, No. 8:12-cv-1561-T-24 MAP, 2012 WL 4867224, at *2 (M.D. Fla. Oct. 15, 2012) (striking affirmative defense of unclean hands as irrelevant and immaterial to FDCPA, FCCPA, and TCPA claims).[3]

Second, Capital One fails to point to legal authority that would support its position that Johnson's alleged revocation request is ineffective simply because it addressed the way in which the calls were made. "Generally, a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." *Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) (internal quotations and citation omitted). In addition, merely because Johnson consulted with counsel and her request could be described as "unusual" does not render a potential revocation ineffective. The cases relied upon by Capital One do not hold to the contrary. *See Phan v. Convergent Outsourcing, Inc.*, No. 3:13-cv-84-J-25 JBT, 2015 WL 12856781, at *2 (M.D. Fla. Mar. 27, 2015) (finding claim to be manufactured where ample evidence demonstrated that defendant never called plaintiff's cell phone and plaintiff committed perjury and fabricated evidence); *D'Ottavio v. Slack Techs.*, No. 1:18-cv-09082-NLH-AMD, 2019 WL 1594270, at *2 (D.N.J. Apr. 15, 2019) (granting plaintiff's motion to dismiss TCPA claim where defendant contended that plaintiff abused feature on

---

[3] In *Abramson v. 1 Global Capital, LLC*, No. 15-cv-61373-BLOOM/Valle, 2015 WL 12564318, at *3 (S.D. Fla. Sept. 23, 2015), relied upon by Capital One for the contention that equitable defenses apply to TCPA claims, the Court did not decide that the doctrine of unclean hands applies in TCPA lawsuits. The Court held only that the defense of unclean hands requires resolution of factual issues, and therefore is not a suitable basis for dismissal.

defendant's website to send himself over a thousand text messages).[4] As such, a genuine issue of material fact remains as to whether Johnson revoked her consent on May 9, 2018.

### D. FCCPA claims

Capital One also argues that it is entitled to summary judgment on Johnson's FCCPA claim because Capital One did not violate section 559.72(7), the calls did not violate section 559.72(9), and any potential violation was the result of a bona fide error.

The FCCPA is Florida's consumer protection statute that "was enacted as a means of regulating the activities of consumer collection agencies within the state." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (internal quotation and citation omitted). "When viewed in its entirety, the purpose and intent of the [FCCPA] . . . is to eliminate abusive and harassing tactics in the collection of debts." *Brandt v. I.C. System, Inc.*, No. 8:09-cv-126-T-26MAP, 2010 WL 582051, at *2 (M.D. Fla. Feb. 19, 2010). "Section 559.72, entitled '[P]rohibited practices generally,' lists [nineteen] debt collection actions that violate the FCCPA." *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1362 (S.D. Fla. 2000).

### i. Section 559.72(7)

Johnson contends that Capital One violated section 559.72(7), which states in pertinent part that in collecting debts, no person shall "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72(7). "Courts must consider both the frequency and content of communications." *Bank of Am., N.A. v. Zaskey*,

---

[4] Indeed, it is possible for a consumer to partially revoke consent under the TCPA. *See Schweitzer v. Comenity Bank*, 866 F.3d 1273, 1274 (11th Cir. 2017) (finding triable issue regarding partial revocation where consumer's statement mentioned limiting calls during certain times of day).

No. 9:15-CV-81325-ROSENBERG/HOPKINS, 2016 WL 4991223, at *9 (S.D. Fla. Sept. 19, 2016). However, under Florida law, "there is no bright-line rule for determining whether a communication is abusive or harassing in nature; rather, to violate the FCCPA, the behavior must be evaluated as a whole under the circumstances." *Ortega v. Collectors Training Ins. of Ill., Inc.*, No. 09-21744-CIV-GOLD/MCALILEY, 2010 WL 11505559, at *6 (S.D. Fla. Mar. 31, 2010) (citing *Story v. J.M. Fields, Inc.*, 343 So. 2d 657, 677 (Fla. 1st DCA 1977)).

Capital One argues that the evidence in this case shows nothing more than Capital One attempting to contact Johnson regarding a legitimate debt. Moreover, even if the May 9, 2018 revocation is deemed effective, it is insufficient to support her FCCPA claim. The Court disagrees. First, the Court has already determined that a genuine issue of material fact remains as to the purported revocation. Second, contrary to Capital One's assertion, the call logs show that there were dozens of calls made to the 2114 after May 9, 2018. ECF No. [33]. As any doubts must be resolved in favor of the nonmoving party, the Court cannot say that upon the evidence presented there is no genuine issue of material fact as to Johnson's section 559.72(7) claim.

    ii.  Section 559.72(9)

Section 559.72(9) states in pertinent part that "[i]n collecting consumer debts, no person shall . . . claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." To establish a violation under Section 559.72(9) of the FCCPA, "it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Daniel v. Select Portfolio Servicing, LLC*, 159 F. Supp. 3d 1333, 1336 (S.D. Fla. 2016). Furthermore, "[t]o determine whether . . . a legal right exists, courts must refer to other statutes that establish the legitimacy of a debt and define legal rights." *Cliff v. Payco Gen.*

*American Credits*, Inc., 363 F. 3d 1113, 1126 (11th Cir. 2004) (citing *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1363 (S.D. Fla. 2000). While Johnson concedes that Capital One had the right to pursue collection of the debt she owed, she claims that Capital One violated the FCCPA by violating the TCPA's prohibition on the use of prerecorded messages after she revoked her consent. However, Johnson cannot rely on a purported violation of the TCPA as the basis of her FCCPA claim. *See Ortega*, 2010 WL 11505559, at *5. The TCPA was enacted to "protect [ ] privacy interests . . . by placing restrictions on unsolicited, automated telephone calls . . . ." and thus, the TCPA does not establish the legitimacy of a debt and define legal rights. S. Rep. No. 102-178, at 1 (1991), *reprinted in* 1991 U.S.C.C.A.N. 1968. As a result, Johnson cannot premise her section 559.72(9) claim upon a violation of the TCPA. Accordingly, Capital One is entitled to summary judgment upon Johnson's section 559.72(9) claim.

       iii.  <u>Bona fide error</u>

       Finally, Capital One argues that it is entitled to summary judgment on its bona fide error defense. "A debt collector asserting the bona fide error defense must show by a preponderance of the evidence that its violation .. : (1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any such error." *Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1353 (11th Cir. 2009) (citing *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006)).[5] "The failure to meet any one of those three requirements is fatal to the defense." *Id*. Because the Court has already determined that a genuine issue of material fact remains as to the issue of revocation and the use of prerecorded messages, summary judgment upon Capital One's bona fide error defense is not appropriate.

---

[5] In construing the provisions of the FCCPA, "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." Fla. Stat. § 559.77(5); *see Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 839 (11th Cir. 2010).

## V. CONCLUSION

For the foregoing reasons, Capital One's Motion, **ECF No. [24]**, is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Capital One is entitled to summary judgment on Johnson's TCPA claim premised upon the use of an ATDS, and on Johnson's FCCPA claim premised upon a violation of section 559.72(9).

2. In all other respects, Capital One's Motion is denied.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 19, 2019.

 

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record