**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-cv-62058-BLOOM/Valle

LAWANDA JOHNSON,

    Plaintiff,

v.

CAPITAL ONE SERVICES, LLC,

    Defendant.
_____/

## ORDER ON MOTION *IN LIMINE*

**THIS CAUSE** is before the Court upon Defendant Capital One Services, LLC's Motion *In Limine*, ECF No. [26] (the "Motion"). Plaintiff Lawanda Johnson filed a response, ECF No. [38] (the "Response"), to which Defendant filed a reply, ECF No. [42] (the "Reply"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

### I. BACKGROUND

The Court assumes the parties' familiarity with the facts of the case. *See* ECF No. [49], Order on Defendant's Motion for Summary Judgment. In the Motion, Defendant moves to preclude Plaintiff from introducing the following at the upcoming trial:

    a. Plaintiff's call log;

    b. Expert testimony of Capital One using an ATDS;

    c. Testimony of clicks and pauses as indicia of an ATDS;

    d. Other litigation or settlements involving Capital One;

  e. Evidence relating to Capital One's alleged use of an ATDS; and

  f. Evidence of Capital One's calls to other individuals.

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Products Liab. Litig.*, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011) and *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

Through this lens, the Court considers the Motion.

### III. DISCUSSION

#### a. Plaintiff's call log

In the Motion, Capital One argues that Johnson should be precluded from presenting her personal call log. It argues that "Plaintiff will attempt to introduce her personal notes – what she claims is her personal log of calls Capital One made to the 2114 Number – that purports to "indicat[e] dates, times and length of phone calls received from Capital One and a description of the substance of the phone call when it was answered [interrogatories]. In various entries in this log, the author (presumably Plaintiff) wrote the word "dialer" and tries to tie that word to a call from Capital One." Mot. at 9. Defendant argues that Johnson's call log and notes from purported conversations are inadmissible hearsay. Plaintiff responds that her personal notes regarding the telephone calls she had with Capital One representatives fit squarely within the definition of non-hearsay under Federal Rule of Evidence 801(d)(2)(A) or 801(d)(2)(D). The statements constitute Plaintiff's personal knowledge of the phone calls she received and reflect statements made by Capital One representatives.

Under the Federal Rules of Evidence, "'[h]earsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed .R. Evid. 801(c). In general, "[h]earsay is not admissible except as provided by [the federal] rules . . . ." Fed. R. Evid. 802. A "statement by [a] party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship," however, is deemed an admission by a party opponent and is excluded from the definition of hearsay. Fed. R. Evid. 801(d)(2)(D); *see Zaben v. Air Prods. & Chems., Inc.,* 129 F.3d 1453, 1456 (11th Cir.1997). Here, statements allegedly made by Capital One's representative

and Johnson's personal observations made at the time she heard the statements are properly admissible. The Motion as to this issue is denied.

### b. Expert evidence of Capital One using an ATDS

Capital One also seeks to preclude the introduction by Johnson of expert reports submitted in other TCPA litigation. Johnson failed to respond to this argument. Such reports would clearly not be relevant to this case. As such, the Motion as to this issue is granted.

### c. Testimony of Clicks and Pauses as indicia of an ATDS

Capital One argues that Johnson should be precluded from presenting testimony of click and pauses that Plaintiff claims to be indicia of an ATDS. Johnson also argues in her Response that her testimony is relevant as to whether an automated dialing system was used. The Court agrees with Johnson. While Johnson is not competent to testify that the system used was an ATDS, she is permitted to testify as to what she heard that may lead the trier of fact to conclude that the system used was an automatic telephone dialing system. Moreover, the three cases cited by Defendant either did not arise in the context of the TCPA, or do not support the proposition that the use of an ATDS may only be proven through testimony of an expert. *See Williams v. Bluestem Brands, Inc.*, 2019 U.S. Dist. LEXIS 56655, at *3-4 (M.D. Fla. Apr. 2, 2019) (noting that the defense that the platform used to make calls was not an ATDS was supported by expert, in order preliminarily approving class action settlement); *O'Bryan v. Ford Motor Co.*, 18 F. Supp. 3d 1361, 1367 (S.D. Fla. 2014) (discussing the importance of proving element of defective product in negligence case); *Strauss v. CBE Grp., Inc.*, 2016 WL 2641965, at *2 (S.D. Fla. Mar. 23, 2016) (noting that an expert witness may not offer legal conclusions, such as whether a dialer system constitutes an ATDS). As such, the Motion as to this issue is denied.

### d. Evidence of other litigation or settlements

Capital One seeks to preclude Plaintiff from presenting evidence of other litigation or settlements involving Capital One. The Court agrees that any information or evidence pertaining to other litigation and settlements is irrelevant, and the lack of probative value of any such evidence is substantially outweighed by the danger of unfair prejudice. The Motion as to this issue is granted.

### e. Evidence of Capital One's use of an ATDS

The Court has addressed this point in subparagraph c above.

### f. Evidence relating to Capital One's communications with other individuals

The Court agrees with Capital One that any introduction of evidence relating to Capital One's communications with individuals other than Plaintiff, or communications to any number not ending in 2114, is irrelevant. The Motion as to this issue is granted.

### g. Additional item raised

For the first time in its Reply, Capital One seeks to preclude Johnson from introducing her previously undisclosed transcription and recording of a message she received, but did not produce in discovery. Seemingly aware of its omission, it argues that Johnson's use of such evidence in response to the Capital One's motion for summary judgment should be construed by the Court as its opposition. Mot., at 5. The Court will not entertain the relief sought as it was not properly presented in the Capital One's Motion, other than to note that the Court will address the foundational requirements for its admissibility during the trial.

## IV. CONCLUSION

For the foregoing reasons, Capital One's Motion, **ECF No. [26]**, is **GRANTED IN PART AND DENIED IN PART** as stated herein. The Court notes that denial of portions of the Motion "does not necessarily mean that all evidence contemplated by the motion will be admitted at trial,"

as "the court may alter its ruling based on developments at trial or on its sound judicial discretion." *Gonzalez*, 718 F. Supp. 2d at 1345.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 15, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record